THE STATE OF KANSAS v. MATTHEW SEEGER AND·
AL. PETZOLD.

No. 13,192. (70 Pac. 599.)

SYLLABUS BY THE COURT.

CRIMINAL PROCEDURE—*Insufficient Complaint—Use of Conjunctions.* Where a statute creating an offense provides that such offense may be committed by the doing of one thing *or* of another, the disjunctive not being used to indicate that the terms joined thereby were synonymous, a complaint charging such offense should use the copulative conjunction "and" rather than the disjunctive "or."

Appeal from Phillips district court; JOHN R. HAMILTON, judge. Opinion filed November 8, 1902. Reversed.

*A. A. Godard,* attorney-general, and *W. G. Bissell,* · county attorney, for The State.

*Jay F. Close,* for appellants.

The opinion of the court was delivered by

CUNNINGHAM,. J. : Appellants were convicted of keeping a nuisance, contrary to the provisions of section 2493, General Statutes of 1901. The complaint charged that the defendants maintained

"a place where intoxicating liquors are kept for sale, sold, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for the purpose of sale, barter or delivery in violation of law, or a place where intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property are kept and used in maintaining such place."

A motion to quash this complaint, because it "is too indefinite and uncertain, and does not inform

said defendants or either of them as to what they are called upon to plead to, or defend against," was overruled by the court. The court erred in so doing.

While the complaint was in the language of the statute, which separates several offenses therein named by the disjunctive "or," still it is well settled that such a pleading is not sufficient. The defendant is entitled to be informed just what is charged against him, and a complaint that he did one thing, or another, or still another, lacks certainty. In this case, from the complaint, no one could tell whether the defendants were being charged with maintaining a place where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or whether they were being prosecuted for maintaining a place where such liquors were kept for the purpose of sale, barter or delivery in violation of law. It is true, the several acts enumerated in the section referred to might be joined in one complaint, but they must be charged cumulatively by the conjunction "and." (*The State v. Schweiter*, 27 Kan. 499; 10 Encyc. Pl. & Pr. 536.)

The judgment of the district court will be reversed and the case remanded for further proceedings.

All the Justices concurring.