No. 27,740.

The State of Kansas, *Appellee*, v. T. W. Douglas, *Appellant*.

(260 Pac. 655.)

SYLLABUS BY THE COURT.

1. INDICTMENT AND INFORMATION—*Statement of Offense—Disjunctive Language of Statute*. The overruling of a motion to quash a count in an information because the disjunctive "or" is used in the charging clause instead of the conjunctive "and," when it follows the language of the statute and refers to things as objects rather than the doing of things, and where it is used between synonymous words or terms rather than distinct alternatives, is not reversible error.

2. SAME—*Allegation of Place*. Where one is charged in an information with having, in the county of Rawlins and state of Kansas, advertised through the columns of a local newspaper and by circulated handbills and cards that he treats the sick, without stating in the information that he does so in the state of Kansas, the information is·sufficient by reason of the second subdivision of R. S. 62-1011.

3. PHYSICIANS AND SURGEONS—*Practicing Without Certificate*. The several assignments of error considered, and *held*, there was no substantial error committed in the trial of the case.

Appeal from Rawlins district court; EDWARD E. KITE, judge. Opinion filed November 5, 1927. Affirmed.

*J. P. Noble*, of Oberlin, *Forest W. Brown*, of Goodland, *M. V. B. Van de Mark*, of Concordia, and *John E. Butcher*, of Kansas City, Mo., for the appellant.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, *C. A. P. Falconer* and *Herbert Howland*, both of Atwood, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appellant, T. W. Douglas, was convicted in the district court of Rawlins county on four counts. The first charged him with advertising in the Herndon *Nonpareil*, a newspaper published in Rawlins county, and the second with passing out to the public in Herndon, Kan., handbills and cards, representing and indicating thereby that he treated the sick or others afflicted with bodily infirmities. The third and fifth counts charged him with having prescribed and recommended, for fees, drugs and medicine

Criminal Law, 17 C. J. pp. 322 n. 48, n. 52, 323 n. 56. Indictments and Informations, 31 C. J. pp. 676 n. 98, 707 n. 17, n. 19; 14 R. C. L. 181. Physicians and Surgeons, 30 Cyc. pp. 1565 n. 64, 1567 n. 79, 1568 n. 92, 1569 n. 5. Sick, 36 Cyc. p. 435 n. 97. Sickness, 36 Cyc. p. 436 n. 1. Statutes, 50 L. R. A. n.s. 135; 25 R. C. L. 977.

State v. Douglas.

for the cure and relief of bodily infirmity and disease of Maude Carlson in the third count, and Francis Anderson in the fifth count; in all of the counts without having received or recorded a certificate from the board of medical registration and examination of the state of Kansas. The advertisement, mentioned in the first count as exhibit A, is as follows:

"Prof. T. W. Douglas, the great scientist, will be at Herndon, Kan., Friday afternoon, Saturday and Sunday, July 9, 10, 11. All that wish to see him and have a diagnosis should arrange for an appointment. The professor's headquarters while at Herndon will be at the home of Mrs. Josephine Erickson. All diagnoses are absolutely free."

The handbills and cards, mentioned in the second count as exhibits B and C, are as follows:

"Free lecture at the opera house, Herndon, Kan., Sunday night, July 11. Prof. T. W. Douglas will deliver his famous lecture, 'What can be done for the human body.' This lecture and entertainment is absolutely free to everyone. Don't miss this opportunity. In all probability you will never again have the opportunity to hear a man of his standing. C. E. Wray, state agent for Kansas.

"MRS. M. DOUGLAS, *Pres.*                     PROF. TOM DOUGLAS, *Vice Pres.*

OFFICE HOURS, 10 a. m. to 10 p. m. daily.

Phone Elmridge 3151-J.

PROPRIETARY MIXTURES SYNDICATE, INC.

4420 Prospect Ave., Kansas City, Missouri.

FORMULATION FROM GREEN ROOTS AND HERBS.

For Rheumatism, Liver, Stomach, Kidney and Lung Trouble.

Uterine Diseases a Specialty.

Send Birth Date to Ascertain Cause of Complaint.

PROF. TOM DOUGLAS, *Demonstrator.*                     YONGA YOGA, *Scientist.*

Join His Class Now."

The motions of the appellant to quash the first and second counts and strike out exhibit B were overruled; likewise his demurrer to the evidence. He was acquitted on the fourth count. The statutes of Kansas under which this action is prosecuted are as follows:

"Any person shall be regarded as practicing medicine and surgery within the meaning of this act who shall prescribe, or who shall recommend for a fee, for like use, any drug or medicine, or perform any surgical operation of whatsoever nature for the cure or relief of any wounds, fracture or bodily injury, infirmity or disease of another person, or who shall use the words or letters 'Dr.,' 'Doctor,' 'M. D.,' or any other title, in connection with his name, which in any way represents him as engaged in the practice of medicine or surgery, or any person attempting to treat the sick or others afflicted with bodily or mental infirmities, or any person representing or advertising himself

by any means or through any medium whatsoever or in any manner whatsoever, so as to indicate that he is authorized to or does practice medicine or surgery in this state, or that he is authorized to or does treat the sick or others afflicted with bodily infirmities, but nothing in this act shall be construed as interfering with any religious beliefs in the treatment of diseases  . . . nor to prohibit gratuitous services. . . ." (R. S. 65-1005.)

"From and after the 1st day of September, 1901, any person who shall practice medicine and surgery in the state of Kansas without having received and had recorded a certificate under the provisions of this act, or any person violating any of the provisions of this act, shall be deemed guilty of a misdemeanor. . . ." (R. S. 65-1006.)

It is earnestly contended that the first and second counts of the information should have been quashed because of the use of the disjunctive "or," as in the statute, instead of the conjunctive "and," as it should have been charged. We are inclined to think the use of the word "and" might have been preferable in the charging clause, but the use of the disjunctive, we think, is well within the rule, especially when it follows the statute. It would not be within the rule if it were concerning the alleged doing of something by the defendant, as in the case of *State v. Seeger,* 65 Kan. 711, 70 Pac. 599, but here it concerns the objects—the ones whom the defendant treated. When that which follows the disjunctive explains the word preceding it or connects synonymous words it is within the well-established rule.   (51 L. R. A., n. s., 135; 31 C. J. 707; 3 Words and Phrases, 759.)   The word "sick," as used in the statute and the information, is a comprehensive term including all the ailments and infirmities of body and mind, and all the words that follow the word "or" merely reiterate, emphasize or repeat what was already expressed by the word "sick"—"treat the sick or others afflicted with bodily or mental infirmities." "Sick" is defined by Webster as "affected with disease; ill; indisposed."

"Sick. . . . affected with diseases of any kind, ill, indisposed, not in health; weak; ailing; diseased; disordered." (36 Cyc. 435.)

"By sickness is understood any affection of the body which deprives it temporarily of the power to fulfill its usual functions. It has been held to include insanity." (3 Bouv. Law. Dict. 3068.)

"The offense of practicing medicine without a license being purely a statutory offense, if the statute so far individuates the crime that the offender has proper notice of the nature of the charge against him, it is sufficient to charge it in the language of the statute or in terms substantially equivalent thereto." (30 Cyc. 1565.)

It is further urged that the first and second counts are insuf-

ficient because they nowhere show the defendant advertised to treat the sick in the state of Kansas. This assignment of error, as well as some others in this case, can be completely disposed of by reference to the second and seventh subdivisions of R. S. 62-1011, which are as follows:

"No indictment or information may be quashed or set aside for any of the following defects:

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"*Second.* For the want of an allegation of the time or place of any material fact, when the venue and time have once been stated in the indictment or information.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"*Seventh.* For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

We see no error in refusing to strike out exhibit B because it was coupled with exhibit C, passed out at and during the same time as exhibit B. Both were a part of the second count, and the two together showed quite plainly the intent and purport of the advertising.

Complaint is made about certain evidence of a witness being stricken out. This might have been error if substantially the same evidence had not been given by this witness both before and after this ruling.

Appellant insists that the state failed to prove he did not have a license or permit to practice medicine in Kansas at the time of the alleged offense, but only proved the condition of the records at the time of the trial, several months later. While some of the answers of the witness Ross are phrased in the present tense, his entire testimony shows he was answering from frequent and recent examinations of the records in his possession, which cover a period of nine years. The state in this particular at least made a *prima facie* case.

Much is said by the appellant about the advertising being done by another, the service being gratuitous, the selling being of a formulation only, and the formulation being furnished from Missouri and by a corporation of which the appellant was the owner, and assignments of error are directed toward the instructions which refer to the adoption of device, shift or subterfuge for the purpose of covering up the intrinsic character of the transaction. A careful reading of the abstract compels one to conclude that an instruction of this kind was well within the law and particularly appropriate in this case. The accomplishment of the ultimate purpose of the

appellant, viz., the collection of the compensation—$270 in the third count and $315 in the fifth—was by very indirect means and by methods evidently intended to evade the requirements of the law. The only direct feature of the entire proceeding was the reception of the checks in the name of the appellant and the currency thereon personally, all other parts and features of the enterprise being circuitous and indirect and undoubtedly so intended and designed. We think there was no error in the giving or refusing of instructions, and there was sufficient evidence to support the verdict.

The judgment is affirmed.

HARVEY, J. (dissenting in part): It is my judgment that the first and second counts of the information are fatally defective in that they do not charge that what was done was for a fee or pecuniary reward. I do not understand that the statute makes it an offense for one to discuss human ailments in a public address or in private conversation, and to recommend remedies when this is done gratuitously. I concur in the affirmance of the convictions on counts three and five.