No. 37,556

The State of Kansas, *Appellant*, v. Lee Kamen, *Appellee.*

(203 P. 2d 176)

Opinion filed March 5, 1949.

*Paul Smith,* of Wichita, argued the cause, and *Edward F. Arn,* attorney general, *Harold H. Malone,* county attorney, and *Eugene G. Coombs,* special prosecutor, were on the briefs for the appellant.

*A. D. Weiskirch,* of Wichita, argued the cause, and *Manford Holly* and *Leonard A. Levand,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This is an appeal from a judgment quashing an information in a criminal action.

The prosecution was instituted under the provisions of G. S. 1935, 21-549, providing:

"Every person who shall buy, or in any way receive any goods, money, rights in action, personal property, or any valuable security or effects whatsoever, that shall have been embezzled, taken or secreted, contrary to the provisions of the last four sections, or that shall have been stolen from another, knowing the same to have been so embezzled, taken or secreted, or stolen, shall upon conviction be punished in the same manner and to the same extent as for the stealing the money, property, or other thing so bought or received."

Following a preliminary examination, wherein he was bound over to the district court of Sedgwick county to answer a charge based on the section of the statute just quoted, an information was filed in district court against the defendant, Lee Kamen, which devoid of formal allegations not here involved, reads:

"On or about the 30th day of March, 1948, one Lee Kamen did then and there unlawfully, feloniously, willfully buy and receive personal property, to-wit: 11,000 pounds of new sheet steel, being over the value of $20.00, that had been embezzled, taken or secreted, or stolen from another, to-wit: The Coleman Company, Inc., knowing the same to have been so embezzled, taken or secreted, or stolen."

Thereafter defendant moved to quash the information upon grounds, among others, that such information (1) was indefinite and uncertain with regard to the person and offense charged and (2) failed to clearly set forth in plain and concise language the offense charged.

In due time the trial court heard the defendant's motion, found that it should be sustained, rendered judgment quashing the information and gave the state twenty days in which to file an amended information. Instead of amending, the state, as the statute per-' mits (G. S. 1935, 62-1703), appealed from the judgment sustaining the motion to quash.

Thus it becomes obvious the sole question presented for appellate review is whether the allegations of the information were sufficient to withstand an attack based upon the grounds set forth in the appellee's motion to quash.

The code of criminal procedure of this state contains certain requirements pertaining to the form and sufficiency of an information, the first pleading on the part of the state in a criminal action in district court, which must be observed and failure to comply therewith makes it subject to a motion to quash.

With respect to the form and content of such a pleading G. S. 1935, 62-1004, states:

"The indictment or information must contain . . . *second,* a statement of facts constituting the offense, in plain and concise language, without repetition."

As to its sufficiency, G. S. 1935, 62-1010, provides:

"The indictment or information is sufficient if it appear therefrom.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Fourth. That the offense charged is clearly set forth, in plain and concise language, without repetition."

By virtue of the statutory provisions just quoted and our decisions interpreting them the rule that a defendant is entitled to be fairly informed as to just what he is charged with and will be required to meet and defend under the allegations of an information is established law in this jurisdiction (West's Digest, Indictment and Information, § 71). Thus an information which charges that a defendant did one thing, or another, or still another, not only lacks certainty but fails to clearly set forth the offense charged.

When the information in the instant case is tested by the foregoing rule we have no difficulty in concluding the trial court properly sustained the motion to quash on either or both of the grounds heretofore mentioned. The defendant could not tell from the allegations of such pleading whether he was being charged with buying or receiving stolen property, receiving or buying embezzled property, or buying or receiving property which had been taken and secreted. Obviously under the statute (G. S. 1935, 21-549), since the mere buying or receiving of property of another is not prohibited the type or character of property involved is an essential element of the crime therein defined. Conceding the several acts enumerated in such section might be joined in one count they must be charged cumulatively by the conjunction "and," otherwise they must be set forth in separate counts. Therefore, under both rule and statutory provisions the information in its present form is insufficient.

Appellant's principal contention the information follows the language of the statute in stating the offense charged and on that account is sufficient under our decisions (see *State v. Hazen,* 160 Kan. 733, 165 P. 2d 234, and cases there cited) is not well taken. In the first place, as we have seen, the offense with which the appellee is charged may be committed by the doing of one or more things and for that reason use of the disjunctive "or" is not permissible *State v. Seeger,* 65 Kan. 711, 70 Pac. 599; *State v. Douglas,* 124 Kan. 482, 484, 260 Pac. 655). In the next, even though for purposes of argument the soundness of the state's position be assumed, the information is nevertheless deficient. Section 21-549, *supra,* provides that property bought and received must have been embezzled, taken or secreted *contrary to the provisions of the last four sections* preceding it. Compliance with the rule and provisions of the criminal code governing the form and sufficiency of informa-

tions, to which we have heretofore referred, required appellant to plead facts disclosing the property in question had been embezzled, taken or secreted by the person from whom appellee was alleged to have acquired it under conditions and circumstances constituting a violation of one or the other of such four sections. This, it will be noted, the state failed to do.

The judgment of the district court in sustaining the motion to quash is affirmed.

ARN, J., not participating.