No. 46,750

STATE OF KANSAS, *Appellee*, v. MICHAEL RAY WARBRITTON, *Appellant.*

(506 P. 2d 1152)

Opinion filed March 3, 1973.

*David J. Phillips*, Deputy Defender, of Topeka, argued the cause and was on the brief for the appellant.

*Gene M. Olander*, County Attorney, argued the cause, and *Vern Miller*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant, Michael Ray Warbritton, appeals from a conviction by a jury of the offense of aggravated battery as defined in K. S. A. 1972 Supp. 21-3414. In the information it was charged that defendant—

". . . [D]id unlawfully, feloniously and willfully: . . . touch and apply force to the person of another, to-wit: Allen H. Orrick, with the intent to injure the said Allen H. Orrick and which inflicted great bodily harm upon the said Allen H. Orrick and which was done with a deadly weapon, to-wit: a beer glass, and in a manner whereby great bodily harm and disfigurement was inflicted. . . ."

The incident from which the charge arose took place in King's Tavern in North Topeka on the evening of April 19, 1971. Defendant was seated on a barstool when Orrick entered the tavern. The evidence was adduced by the testimony of the bartender, Orrick, several patrons, and the defendant.

Orrick entered the tavern about 8 p. m., several witnesses including the defendant, testified that he made the rounds of the tavern making obscene remarks to several of the patrons. Orrick's remarks were described as "at least obscene and possibly in the form of homosexual advances." Orrick then took a seat on the barstool to the left of defendant Warbritton. Defendant and Orrick were seen to be in conservation, most of which was not overheard by other witnesses. Defendant testified that Orrick made remarks to him which he considered to be homosexual advances. Finally, Orrick placed his right hand upon defendant's left buttock at which point defendant struck Orrick in the face. Defendant said that he "forgot he had a beer glass in his hand; and that he did not intend to hurt Orrick." Defendant admitted that he used force on Orrick to get him away, but insisted that he did not intend to do him bodily harm.

Walter McConnell, Jr., a patron in the tavern, was called as a witness for the state and testified that he did not see the "blows struck" but he heard something and when he turned around Orrick was on the floor. McConnell further testified that he "ran over and grabbed Mike Warbritton and Mike said, 'I ain't going to let no queer do that to me.'" None of the witnesses present actually saw Warbritton strike Orrick.

Orrick's version of the events, prior to being struck, was that he stopped by the tavern to get a glass of beer. He recalled talking to several of the people present and remembered talking with defendant, but remembered nothing at all about what was said. Orrick testified that he was sitting on the barstool next to defendant and when he got up to leave he remarked "So long, I'll see you later." He said the next thing he remembered "was being hit from behind and falling to his knees." Orrick denied being a homosexual and denied any advances toward defendant or anyone else in the tavern on the evening in question.

On appeal defendant specifies six points of error, two of which have merit. Defendant claims that under the evidence adduced at the trial he was entitled to an instruction on the offense of battery as defined in K. S. A. 1972 Supp. 21-3412, and the trial court committed reversible error in failing to submit the appropriate instruction. The state concedes that the offense of battery is a lesser included offense of aggravated battery, but claims that it does not necessarily follow that a trial court is always required to instruct

upon the lesser included offense. The matter is controlled by K. S. A. 1972 Supp. 21-3107 (3) which reads:

"In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

The statute is essentially a restatement of case law. (See *State v. Mason*, 208 Kan. 39, 490 P. 2d 418; and *State v. Fouts*, 169 Kan. 686, 221 P. 2d 841.) The meaning of the statute is clear and specific in nature and where it is applicable must control over the general provisions of K. S. A. 1972 Supp. 22-3414 (3) pertaining to the requirement of an objection to the giving or failure to give an instruction. (*State v. Weyer*, 210 Kan. 721, 504 P. 2d 178.)

Battery is defined in K. S. A. 1972 Supp. 21-3412 as follows:

"Battery is the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner."

Aggravated battery is defined in K. S. A. 1972 Supp. 21-3414 as follows:

"Aggravated battery is the unlawful touching or application of force to the person of another with intent to injure that person or another and which either:

"(a) Inflicts great bodily harm upon him; or

"(b) Causes any disfigurement or dismemberment, to or of his person; or

"(c) Is done with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, dismemberment, or death can be inflicted."

The significant difference between "battery" and "aggravated battery" with respect to the facts of this case is that the latter requires an "intent to injure" plus one of the enumerated alternative elements, while the former merely requires the application of "force to a person of another, when done in a rude, insolent or angry manner".

In this case the evidence shows that Orrick was severely injured. Defendant admits that he forcibly touched Orrick but emphatically denies that he did so with intent to injure him. Since the crux of the case is whether defendant had an intent to injure, we believe he was entitled to an instruction on the lesser included offense.

Defendant further complains that the trial court erred in instructing on the presumption of intent over defendant's objection.

The trial court instructed as follows:

"You are instructed that the natural and probable consequences of every act deliberately done by a person of sound mind is presumed to have been intended by the author of such act."

At the trial, defendant contended that the trial court should have submitted the instruction appearing as PIK (Criminal) 54.01:

"There is a presumption that a person intends all the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true."

It should be noted that the instruction as given includes only the substance of the first sentence of 54.01 and omits the second sentence which provides that the presumption may be overcome if the jury is so persuaded by the evidence.

The state points out that language similar to that in the instruction given has been approved by this court in a number of cases. (*State v. Decker*, 207 Kan. 374, 485 P. 2d 171; *State v. Myers*, 154 Kan. 648, 121 P. 2d 286; and *State v. Lammon*, 153 Kan. 822, 113 P. 2d 1052.) An examination of those cases reveals that the court was dealing with presumption of intent as an abstract principle of law and the sufficiency of the evidence to establish intent in a particular case. In the instant case the defendant's sole defense was his claim of no intention to injure. His only evidence was his own testimony to that effect. The effect of the instruction as given would be to foreclose any consideration by the jury to defendant's testimony serving to rebut the presumption stated in the instruction given. The presumption is rebuttable and may be overcome by evidence to the contrary. (Vol. 1 Wharton's Criminal Evidence [13th Ed.], § 134, p. 222.) It is not a conclusive presumption in the sense that it is a rule of substantive law which applies regardless of facts and which cannot be contradicted by evidence to the contrary. Under the circumstances present, we believe the failure to instruct as requested was prejudicial error.

We have examined other points raised by defendant but find none which rise to the level of prejudicial error. In view of our disposition of the appeal further discussion is unnecessary.

The judgment is reversed with directions to grant a new trial.