No. 48,076

STATE OF KANSAS, *Appellee*, v. JIMMIE L. GANDER, *Appellant*.

(551 P. 2d 797)

Opinion filed June 12, 1976.

*Raymond W. Baker*, of Wichita, argued the cause and was on the brief for the appellant.

*Stephen E. Robison*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Keith Sanborn*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: Appellant Jimmie L. Gander appeals from convictions for aggravated robbery (K. S. A. 21-3427), aggravated battery against a law enforcement officer (K. S. A. 21-3415), and unlawful possession of a firearm (K. S. A. 21-4204).

The convictions stem from a holdup of Everhart's Supermarket in Wichita. Two men entered the store through a rear door, forced the owner at gunpoint into the check-out area where he withdrew approximately $280 from the cash register and deposited

it in a pink pillowcase supplied by the thieves. The two then left through the rear door and were seen by a passerby entering a large blue and white car.

Police officers Herbel and Olson, notified of the robbery and car description by the dispatcher, observed a white over dark blue Cadillac in the area and gave chase. Olson recognized Gander as the driver and one Wendall Parker as the passenger. The Cadillac stopped at a red light but when the officers approached on foot the car ran the light and was pursued by Officer Espinoza in another squad car.

During that chase, the passenger identified as Parker leaned out and fired at Espinoza's vehicle. One of the bullets shattered the windshield imbedding glass in the officer's eye, but he nonetheless pursued the Cadillac to where the occupants jumped out. (Espinoza recognized Gander from a previous incident.) Parker then pointed the gun at Espinoza, but it failed to fire. Officers Olson and Herbel who had been close behind gave chase on foot but were unable to apprehend the two. They were later arrested.

The weapon and pillowcase containing $277.37 were recovered and identified at trial.

Four errors are alleged on appeal.

I. It is argued that the trial court erred in failing to instruct on the lesser included offenses of battery against a law enforcement officer (K. S. A. 21-3413) and criminal injury to persons (K. S. A. [now 1975 Supp.] 21-3431).

Lesser included instructions are required by K. S. A. 21-3107 (3) only "upon the evidence adduced." Thus, there must be some evidence of the lesser crime. *State v. Ponds and Garrett,* 218 Kan. 416, 543 P. 2d 967; *State v. Masqua,* 210 Kan. 419, 502 P. 2d 728. It follows that if no evidence is presented that could support a conviction of the lesser crime, no instruction is necessary. *State v. Ponds and Garrett,* supra; *State v. McDermott,* 202 Kan. 399, 449 P. 2d 545.

Appellant urges, and the state concedes, that the distinction between the crime instructed on (aggravated battery against a law enforcement officer) and the lesser offenses is the requirement of an intent to injure. Unlike *State v. Seely,* 212 Kan. 195, 510 P. 2d 115, and *State v. Warbritton,* 211 Kan. 506, 506 P. 2d 1152, relied on by appellant, there was in this case no evidence presented that the attack was not intended to injure Officer Espinoza. The officer

testified and the shattered windshield bears out that the shots were fired "at" him.

Appellant concedes that there was no testimony bearing directly on the issue of intent, but one is presumed to intend all the natural consequences of his acts. *State v. Warbritton*, supra; PIK Criminal § 54.01. One who fires a gun at a pursuing car and hits its windshield may be presumed to intend to injure its occupants. Intent, like any element of a crime, may be shown by circumstantial evidence. *State v. Townsend*, 201 Kan. 122, 439 P. 2d 70. Absent evidence negating an intent to injure the trial court had no duty to instruct on the lesser offenses.

II. Appellant next contends that the trial court erred in refusing to sever the weapons charge, urging that the prior convictions necessary to its proof prejudiced the jury on the battery and robbery counts.

The three counts were admittedly properly joined under K. S. A. 22-3202 (1) which provides:

"Two or more crimes may be charged against a defendant in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

See also, *State v. Cameron & Bentley*, 216 Kan. 644, 533 P. 2d 1255. The decision whether to sever rests in the sound discretion of the trial court. *State v. Anderson*, 202 Kan. 52, 446 P. 2d 844. In that case it was argued that evidence of prior convictions was inherently prejudicial and inadmissible under K. S. A. 60-455. The court held:

"Where separate and distinct felonies are charged in separate counts of one and the same information and all of the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence, and the same kind of punishment, the defendant may be tried upon all of the several counts of the information at one and the same time, and in one trial. *The fact that one of the counts with which the defendant is charged consists of the possession of a pistol after conviction of a felony, contrary to K. S. A. 21-2611, does not alter the foregoing rule."* (Syl. Para. 3. Emphasis added.)

See also, *State v. Rasler*, 216 Kan. 582, 533 P. 2d 1262. The trial court did not abuse its discretion in refusing to sever.

Moreover, in an abundance of caution, the trial court gave a limiting instruction to the effect that the evidence of the prior conviction should only be considered in connection with the weapons

violation. The evidence was admissible without regard to K. S. A. 60-455, so the instruction was not required in the absence of a request. (*State v. Knowles,* 209 Kan. 676, 498 P. 2d 40, Syl. Para. 3.) It did however, help to offset any prejudice resulting from the joinder.

III. Error is next claimed in that the jury considered evidence which had not been admitted at trial. The items in question were two photographs and an information sheet from the line-up in which the defendant had been identified. The exhibits had been used in determining the line-up's fairness at a pretrial hearing but they were not introduced at trial. Neither was any testimony relating to the line-up. The three items accidentally went to the jury as part of the evidence. Appellant urges prejudice from the "aura of criminality" which the items presented.

When the mistake was discovered the trial judge called the jury into the court room and instructed it to disregard the exhibits:

"THE COURT: I have one additional instruction I want to give the jury. Exhibits 1, 4, and 5 were solely for the consideration of the Court on a matter of law. No evidence was presented on any lineup. In your consideration of this case, you are to disregard Exhibits 1, 4 and 5 and not consider these exhibits in any manner in your consideration of this case. Thank you very much. You may now resume your deliberations."

Appellant has demonstrated no prejudice which the instruction failed to cure. At best the exhibits could have been viewed as bearing on identification, but Gander was positively identified at trial by four witnesses. It is basic that an admonition to the jury normally cures any prejudice from the improper admission of evidence. *State v. Culbertson,* 214 Kan. 884, 522 P. 2d 391; *City of Wichita v. Hibbs,* 158 Kan. 185, 146 P. 2d 397. This is not a case in which "it cannot be said the jury was not prejudiced" (*State v. Mans,* 213 Kan. 36, 515 P. 2d 810, Syl. Para. 3), and we thus hold that the instruction cured any error.

In addition, the defendant waived any error by his failure to ask for a mistrial or to object to the curative instruction. He cannot assert error on appeal when he remained silent at trial. *State v. Johnson,* 219 Kan. 847, 549 P. 2d 1370 and cases cited therein.

IV. Finally appellant urges that he was denied a fair trial by the court's denial of a change of venue. The trial court considered twelve news stories concerning Gander from the Wichita Eagle-Beacon, one of which was a human interest story portraying his life

as a drug addict. The most recent article was published ten months before the change of venue hearing.

K. S. A. 22-2616 (1) provides:

"In any prosecution, the court upon motion of the defendant shall order that the case be transferred as to him to another county or district if the court is satisfied that there exists in the county where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial in that county."

The section was discussed at length in *State v. McLaughlin,* 207 Kan. 594, 485 P. 2d 1360, wherein we stated:

"It has long been the law of Kansas that a change of venue in a criminal case lies within the sound discretion of the trial court. Before a change of venue to another county can be granted, it must affirmatively appear that in the county in which the cause is pending there exists such prejudice as to make it reasonably certain the defendant will be denied a fair trial. The ruling of the trial court on this question will not be disturbed if supported by competent evidence and if there is no showing of prejudice to the substantial rights of the defendant. (*Davis v. State,* 204 Kan. 816, 466 P. 2d 311, and cases cited therein.)

.    .    .    .    .    .    .    .    .    .    .

"Furthermore, prejudice must be established 'not as a matter of speculation but as a demonstrable reality.' (*Woods v. Munns,* 347 F. 2d 948, 951 [10th Cir. 1965].)" (pp. 597-98.)

The publication of newspaper articles in local newspapers does not establish prejudice *per se. State v. McCorgary,* 218 Kan. 358, 543 P. 2d 952.

The stories were months old and the showing of prejudice was speculative at best. We thus find no abuse of discretion in the trial court's finding that prejudice was not established as a "demonstrable reality."

The convictions are affirmed.

APPROVED BY THE COURT