No. 48,256

STATE OF KANSAS, *Appellee*, v. LITTLE JIM BEARD, *Appellant*.

(552 P. 2d 900)

Opinion filed July 23, 1976.

*Robert A. DeCoursey*, of Kansas City, argued the cause and was on the brief for the appellant.

*Thomas L. Boeding*, Assistant District Attorney, argued the cause, and *Curt T. Schneider*, Attorney General, *Nick A. Tomasic*, District Attorney, and *Anita Mortimer*, Legal Intern, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant-appellant, Little Jim Beard, appeals from jury convictions on two counts of second degree murder. The charges stemmed from the shooting of Neal Wheeler and Edward Peltier in Wheeler's Kansas City apartment on June 2, 1974.

The evidence disclosed that during the day, preceding the night of the shootings, the defendant and the two deceased had been drinking and taking drugs. Sometime around midnight the defendant and the two deceased became embroiled in a fight. According to the testimony of Gerald Belgarde, a cousin of the deceased Edward Peltier, the defendant, the two deceased, and Belgarde were sitting on the front porch of Belgarde's house which was next door to the Wheeler apartment. Peltier left the group and when he returned a few minutes later he told the group, according to Belgarde, that he had gone to the Wheeler apartment and found Loyce (Mrs. Wheeler) passed out. Peltier accused the defendant of giving Mrs. Wheeler some bad or "trash" drugs. The fight ensued and, after taking a beating from Wheeler and Peltier, defendant left the premises. About an hour later, defendant returned to the neighborhood and went to the Wheeler apartment where he encountered Mrs. Wheeler.

Mrs. Wheeler testified that defendant was scratched and cut and appeared to be angry and that he told her "I told them I would be back." Wheeler and Peltier learned that defendant had returned to the Wheeler apartment and followed him within a few minutes. Mrs. Wheeler left by a back stairway and went to a neighbor's apartment and hysterically announced "There's going to be a shooting." The neighbor called the police. Two shots were heard coming from the Wheeler apartment. Police arrived within a few minutes after the shooting and apprehended defendant in the hall outside the Wheeler apartment. A nine-shot .22 caliber revolver was taken from defendant. It was loaded, had two spent cartridges and smelled as though it had been recently fired. Defendant was arrested and charged with two counts of murder in the first degree.

Defendant specified four points of error on appeal. He first attacks the instruction on self-defense given by the trial court. No objection was made at trial, but defendant now claims the instruction was clearly erroneous. The defendant argues the instruction insinuates that defendant was the aggressor when, in fact, the evidence showed the victims to be the attacking parties. Defendant's arguments are without merit. The instruction in question was given substantially in the words of PIK [Criminal] §§ 54.17, 54.21 and 54.22. It reads:

"The defendant claims self-defense. I give you here the law as to self-defense.

"A person is justified in the use of force to defend himself against an aggressor's imminent use of unlawful force to the extent it appears reasonable to him under the circumstances then existing.

"A person is not permitted to provoke an attack on himself with the specific intention to use such attack as a justification for inflicting bodily harm upon the person he provoked and then claim self-defense as a justification for inflicting bodily harm upon the person he provoked.

"A person who initially provokes the use of force against himself is not justified in the use of force to defend himself unless either

"(a) He has reasonable ground to believe that he is in present danger of death or great bodily harm, and he has used every reasonable means to escape such danger other than the use of force with [which] is likely to cause death or great bodily harm to the other person; or

"(b) He has in good faith withdrawn and indicates clearly to the other person that he desires to withdraw and stop the use of force, but the other person continues or resumes the use of force.

"Again, the defendant has no burden of establishing self-defense rather, it is simply a question of whether, considering the evidence as to self-defense along with all of the other evidence in the case the State has convinced you by evidence to your satisfaction beyond a reasonable doubt that the defendant is guilty of the crime charged against him or of one of the lesser included offenses."

The instruction accords with the pertinent statutes (K. S. A. 21-3211 and 21-3214) and is a correct statement of the law. The instruction, as we read it, does not declare the defendant to be the aggressor, but merely informs the jury of the statutory provisions pertaining to the use of force (K. S. A. 21-3214 [3]), as well as instructing the jury as to the right of self-defense and limitation on the force to be used by one in defending himself from unlawful attack. Whether defendant was an aggressor remained a question for the jury. There was ample evidence in this case which would have justified the jury in finding that defendant was an aggressor.

In several recent cases we have considered the new code provisions relating to the doctrine of self-defense (K. S. A. 21-3211, *et seq.*) and found them generally to be a codification of the common law rules on the subject. In *State v. Stokes*, 215 Kan. 5, 523 P. 2d 364, we discussed the new statutes and found no error in PIK instructions given in the language thereof. (See, also, *State v. Blocker*, 211 Kan. 185, 505 P. 2d 1099.) The instruction given was applicable to the evidence in the instant case. On the state of the record we find no error in the giving of the instruction, much less "clear error" which would be required to warrant reversal in the absence of defendant's objection at trial.

Defendant next contends the court erred in permitting the state to inquire on redirect examination concerning matter that was not elicited in direct examination or covered in cross-examination. On

this point defendant contends the trial court erred in permitting Officer Marmon of the Kansas City Police Department to testify concerning the identification of the body of Neal Wheeler on re-direct examination. In *State v. Wainwright*, 190 Kan. 619, 376 P. 2d 829, we said:

". . . [A] witness may be asked questions to clarify or modify state-ments made on cross-examination, or to explain matters brought out on such cross-examination about which he had not testified on direct examination, or to rebut or avoid the effect of such new matter. Indeed, the cross-examination of a witness may open the door for the admission on redirect examination of matters tending to support the case which would not have been admissible on the case in chief. . . ." (p. 622.)

Under this standard it is impossible to determine the permissible scope of redirect examination without the inclusion in the record of the direct and cross-examination testimony of the witness. Al-though none of this testimony was designated for inclusion in the record on appeal, the state's brief quotes from the trial transcript of defense counsel's cross-examination of this witness:

"Q. Now, you indicated you found a person you identified as Mr. Wheeler. Where was that at?

"A. Right there (indicating)."

Since defendant's counsel covered the identification of the body of Wheeler in his cross-examination, it was well within the trial court's discretion to admit the redirect testimony of Marmon. (*State v. Nirschl*, 208 Kan. 111, 490 P. 2d 917.) We find no error with respect to the admission of this testimony.

In his third contention defendant claims the trial court erred in admitting into evidence in the state's case the revolver and am-munition recovered from him after the shootings. Defendant attacks the chain of possession. The revolver in question was taken from de-fendant shortly after the shootings by Officer John Hannahan and identified by him at trial as the weapon he took from defendant. After taking the revolver from defendant, Hannahan gave it to Officer Marmon. In its brief the state says:

". . . The testimony of Officer Marmon that he took the weapon to the detective bureau of the Kansas City, Kansas, Police Department and gave it to Detective Gander is not included in the record on appeal although it was designated as such for inclusion therein."

This is the only break in the otherwise continuous chain of custody and even this flaw is cured by Hannahan's in-court identi-fication of the exhibits which provides ample foundation testimony

for their admission. In dealing with a challenged chain of custody in the recent case of *State v. Steward,* 219 Kan. 256, 547 P. 2d 773, at page 266 of the opinion, we restated the applicable rule and guidelines for the application thereof laid down in *State v. Tillman,* 208 Kan. 954, 494 P. 2d 1178:

" '. . . The rule is that a party who offers an object into evidence must show that it is reasonably certain that there have been no material alterations of the object since it was first taken into custody. It is not necessary, however, that the object offered into evidence should have been kept continuously under lock-and-key or continuously sealed up. The preliminary proof of the identity of the object and that the same has not been improperly tampered with, is first to be determined by the trial court. It is not necessary that all possibility of its being tampered with should be excluded. (*State v. Cook,* 17 Kan. 392; *State v. Frideaux,* 207 Kan. 790, 487 P. 2d 541.) The ultimate question of the sufficiency of the proof is, of course, for the jury to determine. . . .' (pp. 958-959.)"

Generally, the admissibility of physical evidence is within the sound discretion of the trial court and is to be determined by the court on the basis of its relevance and connection with the accused and the crime charged. (*State v. Wilson,* 215 Kan. 437, 524 P. 2d 224; and *State v. Robinson,* 203 Kan. 304, 454 P. 2d 527.) We find no error in the admission of the revolver and ammunition.

Defendant finally contends the trial court erred in not setting aside the verdict of the jury, because defendant argues the evidence showed that the defendant acted in self-defense.

It may be conceded the defendant's own testimony, if believed, indicated he acted in self-defense. However, the jury chose to adopt the state's theory of the case and to believe the testimony of the state's witnesses. The often stated scope of appellate review of evidence in a criminal case was recently restated in *State v. Brown,* 217 Kan. 595, 538 P. 2d 631, wherein we held:

"In a criminal case, the issue on appeal is not whether the evidence establishes guilt beyond a reasonable doubt, but whether the evidence is sufficient to form the basis for a reasonable inference of guilt when viewed in the light most favorable to the state." (Syl. 5.)

When viewed in the light most favorable to the state, the state's evidence previously pointed out amply supports a reasonable inference of guilt. We find no error in the trial court's refusal to set aside the verdict of the jury.

The judgment is affirmed.