No. 48,481

STATE OF KANSAS, *Appellee,* v. LARRY WOODS, *Appellant.*

(563 P.2d 1061)

Opinion filed April 9, 1977.

*Harold T. McCubbin,* of Norton, argued the cause, and was on the brief for the appellant.

*Roger M. Theis,* assistant attorney general, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from a jury verdict which found Larry Woods (defendant-appellant) guilty of battery (K. S. A. 21-3412) and aggravated battery (K. S. A. 21-3414) arising from separate attacks on Reinhart Dusin in Phillipsburg, Kansas, on August 24, 1975.

Various alleged trial errors are asserted on appeal.

Reinhart Dusin, 57 years old, owned a farm northwest of Phillipsburg, Kansas. Just before midnight on August 23, 1975, he came into the Colonial Lounge in Phillipsburg for a beer. Shortly thereafter Dusin heard loud voices, including that of the bartender and owner, Leon Preister. Dusin, thinking it would be a good time to leave, walked by the proprietor and Larry Woods and said something like, "hi, what's going on" to Mr. Preister. Almost immediately thereafter he was struck twice in the face and knocked out by Larry Woods. Dusin did not say anything to the defendant or provoke the incident in any manner. Mr. Preister confirmed the sudden and unprovoked nature of Larry Woods' attack. As a result of this Colonial Lounge incident, the defendant was charged with battery. (K. S. A. 21-3412.)

When Dusin regained consciousness he rested for a while. At approximately 1:30 a. m. he drove to the Rocket Grill for some food. As he walked toward the rear of the grill, he recognized the defendant. Dusin stopped to say that he did not mean any offense at the lounge. While he had his hands at his side, the defendant suddenly jumped up from his seat, struck Dusin several times and pushed him to the ground. This time when Dusin fell to the floor the defendant "kicked and clobbered" him. Florence Richards, owner of the Rocket Grill, testified Larry Woods kicked Dusin in the face and ribs many times despite her pleas and the pleas of Larry's girl friend to stop. John Gorache, a farm laborer, Mitchell Johnson, a Phillipsburg teacher, and Larry Henderson, who worked for the Norton Daily Telegram, uniformly testified and confirmed that Larry was kicking and stomping the helpless Dusin.

Florence Richards and the other witnesses also uniformly testified they never heard Dusin say anything to the defendant, try to hit the defendant or attack him in any way. Nothing appears in the record to show the brutal assault was in any way provoked by Dusin.

When the defendant was finally pulled away, Dusin started to get up. The defendant broke away from those holding him, pushed Dusin out the door and continued to kick him. Dusin suffered severe contusions to his face and body and severe lacerations to his mouth which required a doctor's treatment at the hospital. Due to these injuries, Dusin was unable to complete his summer fallow. Dusin still bore scars from the assaults some two months later. As a result of this Rocket Grill incident, the defendant was charged·with aggravated battery. (K. S. A. 21-3414.)

The trial commenced on November 24, 1975. Pertinent trial events are referred to later in this opinion. On November 26, 1975, the jury found the defendant guilty of both charges. On December 3, 1975, a motion for a new trial was denied, and appeal was thereafter duly perfected.

The appellant first contends the court erred in sustaining the state's motion to amend Count Two of the information immediately prior to the trial, and the amendment prejudiced the substantial rights of defendant.

Count Two of the original information, filed September 24, 1975, charged:

"That on or about the 24th day of August, 1975, the said Larry Woods, within the above and within named County and State, then and there being, did then and there contrary to the statutes of the State of Kansas unlawfully, willfully and feloniously apply force to the person of another, to-wit: Reinhart Dusin, at the Rocket Grill, Phillipsburg, Kansas, with the intention to injure said Reinhart Dusin, and which did inflict great bodily harm upon or cause disfigurement to the said Reinhart Dusin. . . ."

On November 24, 1975, the first day of trial, the last sentence of Count Two was amended, over the defendant's objection, to read as follows:

"[A]nd either which did inflict great bodily harm upon the said Reinhart Dusin, or which was done in a manner whereby great bodily harm or disfigurement could have been inflicted to the said Reinhart Dusin. . . ."

The county attorney thought the amended information was

clearer and more accurately reflected the statutory language of K. S. A. 21-3414.

The appellant's contention is controlled by K. S. A. 22-3201(4) (now K. S. A. 1976 Supp. 22-3201[4]) which provided:

"The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

The appellant does not complain that he was taken by surprise. The amendment did not change the nature of the crime alleged, charge the appellant with any additional or different crime, or prejudice the substantial rights of the appellant. Accordingly, no error is shown by the amended information. (K. S. A. 22-3201[4]; *State v. Rives,* 220 Kan. 141, 144-145, 551 P. 2d 788; and *State v. Osburn,* 216 Kan. 638, 640-641, 533 P. 2d 1229, and authorities cited therein.)

Second, the appellant contends it was error for the court to give jury instruction No. 2(3) which stated an element of the crime charged in the disjunctive. The appellant attacks both the information and the instruction thereunder as being stated in the disjunctive and lacking certainty. (Citing *State v. Seeger,* 65 Kan. 711, 70 Pac. 599; and *State v. Kamen,* 166 Kan. 664, 203 P. 2d 176.)

*State v. Seeger,* supra, involved a complaint where one could not tell whether the defendant was being charged with maintaining a place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or whether they were being prosecuted for maintaining a place where such liquors were kept for the purpose of sale, barter or delivery in violation of the law.

In *State v. Kamen,* supra at 665, the information charged the defendant did unlawfully, feloniously, willfully buy and receive personal property "that had been embezzled, taken or secreted, or stolen from another . . . knowing the same to have been so embezzled, taken or secreted, or stolen." The court held this information, which charged that the defendant did one thing, or another, or still another, not only lacked certainty but failed to clearly set forth the offense charged.

Both of these cases involve situations where the *act* complained of could not be determined with certainty. The appellant in the instant case argues the same reasoning applies to the information

and instruction given thereunder. Here the appellant was informed of the *act* complained of, although the *consequences* of that *act* may have been uncertain.

The information and instruction given thereunder comply with the statutory language of K. S. A. 21-3414 and PIK Criminal, Sec. 56.18. Generally an information drawn in the language of the statute is sufficient. (*State v. Clanton,* 219 Kan. 531, 534, 548 P. 2d 768; and *Carithers v. State,* 207 Kan. 607, 485 P. 2d 1368.) Similarly, an instruction patterned after the statute is valid. (*State v. Beard,* 220 Kan. 580, 552 P. 2d 900; *State v. Schriner,* 215 Kan. 86, 91, 523 P. 2d 703; and *State v. Worth,* 217 Kan. 393, 395, 537 P. 2d 191, *cert. denied,* 423 U. S. 1057, 46 L. Ed. 2d 647, 96 S.Ct. 792.) (See also 42 C. J. S., Indictments and Informations, Sec. 139[c], p. 1037.)

Although using the disjunctive "or" the information and the instruction given thereunder do not lack certainty or fail to set forth the offense charged. (*State v. Rogers,* 142 Kan. 841, 52 P. 2d 1185.) Generally the use of the disjunctive is fatal only where uncertainty results. (42 C. J. S., Indictments and Informations, Sec. 139[b], p. 1037; and *State v. Loy,* 146 W. Va. 308, 119 S. E. 2d 826 [1961].)

Our conclusion that the use of the disjunctive did not cause fatal uncertainty is supported by the fact that the appellant did not request a bill of particulars under K. S. A. 22-3201(5) which provides:

"When a complaint, information or indictment charges a crime but fails to specify the particulars of the crime sufficiently to enable the defendant to prepare his defense the court may, on written motion of the defendant, require the prosecuting attorney to furnish the defendant with a bill of particulars. At the trial the state's evidence shall be confined to the particulars of the bill."

The appellant next attacks the trial court's instruction on self-defense contending that the second paragraph was redundant and confusing and prejudiced his rights.

The trial court instructed:

"A person is justified in the use of force to defend himself against an aggressor's imminent use of unlawful force, to the extent it appears reasonable to him under the circumstances then existing.

"A person may lawfully use, however, only such force as may reasonably seem necessary to him or her in defending one's self against unlawful attack and serious bodily harm, but such person may not go further than appears reasonably necessary for such defense."

The first paragraph in this instruction is a verbatim recitation of PIK Criminal, Sec. 54.17. The second paragraph is taken from *State v. Blocker,* 211 Kan. 185, 192, 505 P. 2d 1099,which quoted 40 Am. Jur. 2d, Homicide, Sec. 139, pp. 429-430. Standing alone, PIK Criminal, Sec. 54.17 adequately instructs on self-defense. (*State v. Duckworth,* 219 Kan. 619, 549 P. 2d 554.) However, the second sentence is permissible in this case because the evidence adduced at trial demonstrated that a distinct pause occurred at the Rocket Grill before the defendant resumed his attack on Dusin, and further that the defendant repeatedly kicked and stomped Dusin while he lay defenseless on the floor.

The appellant speculates these two sentences confused the jury. We disagree. Identical attacks upon similar self-defense instructions have been rejected in the past. In *State v. Blocker,* supra, the court approved an even lengthier instruction on self-defense saying:

". . . In our opinion, the instructions cover very adequately—and perhaps in much more detail than required—the essential elements of the age-old doctrine of self defense; the right of a person attacked to defend himself against serious personal harm and to use such force, *but no greater,* as reasonably appears to him to be necessary for that purpose, and in so acting the person attacked is justified." (Emphasis added.) (p. 194.)

Similarly in *State v. Stokes,* 215 Kan. 5, 8-9, 523 P. 2d 364, a two sentence self-defense instruction consisting of PIK Criminal, Sec. 54.17 and a sentence on the use of deadly force was approved. (See also *State v. Gregory,* 218 Kan. 180, 185, 542 P. 2d 1051; and *State v. Beard,* supra.) The self-defense instruction above, considered as a whole, clearly and accurately reflected the law on self-defense. No error is shown.

The trial court's instruction No. 6 relating to a presumption of intent reads as follows:

"There is a presumption that a person intends all the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true."

This instruction was taken verbatim from PIK Criminal, Sec. 54.01.

The appellant contends the trial court erred in giving jury instruction No. 6 because it confused general intent with a specific intent instruction No. 2.

Instruction No. 2(2), which instructed on the crime of aggravated battery, specifically required the state to prove that the act was with intent to injure Reinhart Dusin. This instruction was supplemented by instruction No. 5, which defined the word "intentionally" for the jury. The inclusion of these instructions, in conjunction with instruction No. 6 from PIK Criminal, Sec. 54.01, fulfilled the trial court's duty to properly instruct on intent. The committee's comments regarding PIK Criminal, Sec. 54.01 are:

"The Committee feels that the requirements of general intent are sufficiently covered by the above instruction. Where a specific intent is involved in any crime, such requisite intent is included as an item in the elements instruction required to be proved. This included recital, together with the above instruction, adequately covers the statutory specific intent requirements." (p. 74.)

That one is presumed to intend all the natural consequences of his acts is a well established rule in Kansas. (*State v. Gander,* 220 Kan. 88, 551 P. 2d 797; and *State v. Warbritton,* 211 Kan. 506, 506 P. 2d 1152.) Furthermore, intent, like any element of a crime, may be shown by circumstantial evidence. (*State v. Gander,* supra at 90; and *State v. Townsend,* 201 Kan. 122, 439 P. 2d 70.)

This court has consistently upheld the challenged instruction. (See *State v. Gander,* supra; *State v. Lassley,* 218 Kan. 752, 545 P. 2d 379; and *State v. Warbritton,* supra at 509.)

The appellant argues such a presumption of intent instruction violates K. S. A. 21-3201(1) which provides in part:

". . . Proof of willful conduct shall be required to establish criminal intent. . . ."

This precise point was recently answered in *State v. Lassley,* 218 Kan. 758, 545 P. 2d 383. There the court said:

"The presumption that a person intends all the natural and probable consequences of his voluntary acts is rebuttable, and may be overcome by evidence to the contrary. (*State v. Warbritton,* 211 Kan. 506, 506 P. 2d 1152.) This principle is consistent with the requirement that the prosecution prove the criminal intent. Intent is difficult, if not impossible, to show by definite and substantive proof. Thus, it is agreed that criminal intent may be shown by proof of the acts and conduct of the accused, and inferences reasonably drawn therefrom. We fail to see any conflict with the statutory burden placed on the state.

"The propriety of the instruction given by the trial court is evident when the instructions are considered as a whole. This is especially true when the challenged instruction is read in conjunction with Instruction No. 9, which states:

" 'The law places the burden on the State to prove that the defendant is guilty.

The law does not require the defendant to prove his innocence. Accordingly you must assume the defendant is innocent unless you are convinced from a consideration of all of the evidence in the case that he is guilty.' The burden was properly placed on the state to prove defendant's guilt. The state was entitled to the presumption that defendant intended the natural and probable consequences of his acts and the trial court correctly instructed to that effect." (pp. 762-763.)

The trial court here also instructed the jury that the law places a burden on the state to prove that the defendant is guilty. Taken as a whole, we find no error in the intent instruction given.

The appellant contends the trial court erred in failing to give an instruction on the lesser included offense of criminal injury to persons, K.S.A. 1976 Supp. 21-3431, even though both plaintiff and defendant agreed the instruction not be given. Counsel for the appellant candidly admits that at the trial he requested the instruction not be given.

However, K. S. A. 21-3107(3) provides:

"In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, *even though such instructions have not been requested or have been objected to.*" (Emphasis added.)

Thus the alleged error may be presented on appellate review. (*State v. Weyer,* 210 Kan. 721, 504 P. 2d 178; and see *State v. Childers,* 217 Kan. 410, 415, 536 P. 2d 1349.)

The simple answer to appellant's contention is that the criminal injury to persons statute, K. S. A. 1976 Supp. 21-3431, was declared unconstitutionally vague in *State v. Kirby,* 222 Kan. 1, 563 P.2d 408. Since an unconstitutionally vague statute is of no force, an instruction thereon would be erroneous and a conviction based thereon could not stand. (*State v. Sisson,* 217 Kan. 475, 476, 536 P.2d 1369.)

Furthermore, the record discloses no evidence to support an instruction on criminal injury to persons. The appellant has the burden to establish that error has been committed. (*State v. Robertson,* 221 Kan. 409, 411, 559 P. 2d 810; *State v. Lee,* 221 Kan. 109, 558 P. 2d 1096; and *State v. Pettay,* 216 Kan. 555, 532 P. 2d 1289.) All the witnesses testified to a brutal and unprovoked assault, to the defendant's kicking and stomping Dusin, and to the defendant's resumption of the attack when a helpless Dusin attempted to flee. Even if the statute had not been declared unconstitutional, no instruction on criminal injury to persons

would have been necessary. (*State v. Wright,* 221 Kan. 132, 557 P.2d 1267.)

The appellant contends the court erred in refusing to permit Naomi Bowen to complete her testimony before the jury.

At the trial Dusin testified on *cross-examination* he had never been involved in an altercation like this, or one involving pushing and shoving before, although he had pled guilty to a disorderly conduct charge in the past. The appellant's counsel offered, for impeachment purposes, the testimony of Naomi Bowen who worked at the VFW club in Phillipsburg. Her proffered testimony was that Dusin had cussed at her, struck her in the shoulder, and wrestled with her husband following an altercation at the VFW club.

The state objected to this proffered testimony as irrelevant, incompetent and immaterial in view of the appellant's testimony that he knew absolutely nothing about Mr. Dusin and thus would not know his reputation for being a fighter. After listening to Naomi's testimony outside of the jury's hearing, the trial court sustained the objection.

The appellant contends the proffered testimony of Naomi Bowen tended first to cast doubt upon the credibility of the complaining witness, Reinhart Dusin, and secondly it bore upon the intent of the appellant, and upon whether or not his actions were taken in self-defense.

The appellant's contentions are without merit. K. S. A. 60-422 provides in part:

"As affecting the credibility of a witness . . . (*d*) evidence of specific instances of his or her conduct relevant only as tending to prove a trait of his or her character, shall be inadmissible."

K.S.A. 60-447 provides in part:

"Subject to K.S.A. 60-448 when a trait of a person's character is relevant as tending to prove conduct on a specified occasion, such trait may be proved in the same manner as provided by K. S. A. 60-446, except that (*a*) evidence of specific instances of conduct other than evidence of conviction of a crime which tends to prove the trait to be bad shall be inadmissible. . . ."

Here the challenged evidence was offered primarily to attack Dusin's credibility and portray him as the person who provoked both the Colonial Lounge and Rocket Grill incidents. As such, the testimony of one specific past instance was properly excluded under 60-422 (*d*) and 60-447 (*a*), *supra.* The appellant did not

attack Dusin's general reputation or present opinion testimony attacking his credibility under K. S. A. 60-446. (*State v. Humphrey,* 217 Kan. 352, 364, 537 P. 2d 155; *State v. Johnson,* 219 Kan. 847, 851-852, 549 P. 2d 1370; and *State v. Mason,* 208 Kan. 39, 41, 490 P. 2d 418.)

The proffered evidence was not relevant on the issue of self-defense because there is no evidence in the record to indicate the appellant knew Dusin or anything about him.

The judgment of the lower court is affirmed.