No. 45,075

THE STATE OF KANSAS, *Appellee*, v. EDWARD DAVIS, *Appellant*.

(446 P. 2d 831)

Opinion filed November 9, 1968.

*Leonard D. Munker*, of Wichita, argued the cause and was on the brief for the appellant.

*R. K. Hollingsworth*, Deputy County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, *Keith Sanborn*, County Attorney, and *Roger Hughey*, Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Edward Davis, was convicted of attempted robbery. He was sentenced to life imprisonment as an habitual criminal and has appealed.

Very briefly, the evidence showed that the defendant, with two companions, all wearing handkerchief masks, entered the Courthouse Market in Wichita owned by Mr. and Mrs. Shutts, surrounded the owner's wife and demanded all their money; that they grabbed Mrs. Shutts by the wrists and one of them said that if she screamed, they would "cut her guts out." Before the terrified woman had time to hand over the money, her husband made an appearance from the back room with a gun and held the three bandits at bay until the police were summoned and took over.

The contentions advanced by the defendant in this appeal are few. At the trial, objection was made to the admission of evidence showing a prior conviction of the defendant in Oklahoma for robbery with firearms. This objection was overruled and the ruling is assigned as error. The contention in this regard is without merit. Under K. S. A. 60-455, as well as under a host of our decisions, the evidence was admissible for the purpose of showing identity, intent, motive, knowledge, plan and inclination. (*State v. Myrick*, 181 Kan. 1056, 317 P. 2d 485; *State v. Wright*, 194 Kan. 271, 398 P. 2d 339; *State v. Poulos*, 196 Kan. 287, 411 P. 2d 689.)

Over the defendant's objections, evidence of three prior felony convictions was introduced at the time of sentence, one being the conviction from Oklahoma, and the other two being from the state of Alabama. The defendant contends that all three convictions were inadmissible because evidenced by copies of records of the Oklahoma State Penitentiary and of the Alabama Board of Corrections, respectively.

We have frequently had occasion to consider similar contentions, and have invariably rejected them. Our most recent cases in this area are *Burnett v. State*, 199 Kan. 362, 429 P. 2d 923; *State v. Eaton*, 199 Kan. 610, 433 P. 2d 347.) Those cases and the authorities cited therein are decisive of the question.

No error appears in the judgment of the court below and it is affirmed.