No. 45,280

STATE OF KANSAS, *Appellee*, v. LARRY J. DEARMAN, *Appellant*.

(453 P. 2d 7)

Opinion filed April 12, 1969.

*John E. Neal,* of Wichita, argued the cause and was on the briefs for the appellant.

*Richard K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, *Keith Sanborn,* County Attorney, and *A. J. Focht,* Deputy County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is a second appeal by the defendant, Larry J. Dearman, from a conviction for first degree robbery in violation of G. S. 1949 [now K. S. A.] 21-527. Defendant's first conviction was set aside and a new trial directed in *State v. Dearman,* 198 Kan. 44, 422 P. 2d 573.

In this appeal defendant specifies various trial errors relating to the admission of evidence, an instruction, prejudice resulting from a juror's recognition of a state witness; and he also specifies the conviction was not supported by the evidence and error in the overruling of his motion for a new trial.

The evidence indicates that about 1 a. m., the morning of January 3, 1965, defendant (Dearman), Harvey D. Loyd and Jack Ashley drove Ashley's 1956 Chevrolet automobile to the rear of Griff's Burger Bar. They parked the car and entered through the back door of the Burger Bar. Loyd had a gun in his hand and told the three employees of the Burger Bar to lie down on the floor. After identifying the night manager, defendant directed him to open the safe. Then all of the employees were tied and made to lie down on the floor. About $900 was taken from the safe.

Later in the day, the three victims of the robbery viewed photographs at the Wichita Police Station. All three identified the photograph of Loyd and at least one identified the photograph of defendant. Detectives Charles Stewart and Floyd Williamson were present during the viewing of the photographs.

The police dispatcher issued a radio pick up order for Loyd, defendant and a blue 1956 Chevrolet automobile.

Police Officer William Dando was listening to the dispatch when he saw a car answering the description. Dando pursued and stopped the car within a few blocks. Loyd was driving and defendant occupied the front passenger seat. Dando checked Loyd's driver's license and made a radio report. Detectives Stewart and Williamson arrived on the scene in a few minutes and Loyd and defendant were arrested.

Ashley, a participant in the robbery, testified for the state giving all the details of the robbery. The evidence, about which defendant complains, was offered by the state to corroborate Ashley's testimony.

The victims of the robbery and all of the police officers involved also testified for the state.

Defendant first claims error in the admission of a prior conviction in 1956 of defendant in Oklahoma for robbery with a dangerous weapon. He argues that without a showing of similarity of conditions between the Oklahoma conviction and the instant robbery it was improper and prejudicial to allow the jury to consider the conviction for any purpose whatsoever. Defendant further claims the trial court erred in instructing the jury that it could consider such evidence in determining defendant's intent, motive, plan or system of operation. He claims that the purposes for which such evidence may be considered, as instructed by the court, are not applicable to the facts of this case. Neither contention of defendant has merit. Under K. S. A. 60-455, as well as under many decisions of this court, the evidence was admissible for the purpose of showing identity, intent, motive, plan and inclination. (*State v. Davis*, 202 Kan. 61, 446 P. 2d 831, cert. den. [March 11, 1969], 394 U. S. 910, 22 L. Ed. 2d 222, 89 S. Ct. 1024; *State v. Poulos*, 196 Kan. 287, 411 P. 2d 689, cert. den. 385 U. S. 827, 17 L. Ed. 2d 64, 87 S. Ct. 63, and *State v. Wright*, 194 Kan. 271, 398 P. 2d 339.)

In *State v. Taylor*, 198 Kan. 290, 424 P. 2d 612, we held that,

where evidence of similar offenses is admitted under the provisions of 60-455, *supra,* the trial court should submit an instruction limiting the jury's consideration to the purposes set out in the statute or to purposes analogous thereto. In that opinion it was noted that the rule of this court on the admission of evidence of similar offenses has been incorporated into the body of our statutory law by 60-455. Under the circumstances, the trial court was required to submit the instruction in question and the benefit inures to the defendant rather than against him.

Defendant complains that a coat with a gun and photograph in the pocket thereof were erroneously admitted into evidence. His contention here is twofold.

Defendant first argues the items mentioned were not shown to have been legally seized and, secondly, he asserts that they were not shown to have been the property of defendant. His position in this regard appears to be anomalous, inasmuch as that if he had no interest in the property he would have no standing to object to its seizure. We believe the defendant misconstrued the law applicable to the points raised in this regard. As we have noted, Officer Dando stopped the 1956 blue Chevrolet, because of the radio dispatch which he had just received. According to Dando's testimony, after the car was stopped, Loyd followed Dando to the patrol car where Dando examined Loyd's driver's license. Defendant remained in the passenger front seat of the blue Chevrolet. This was the situation when Williamson and Stewart arrived on the scene. Because of previous identification of Loyd and defendant by witnesses of the robbery, defendant and Loyd were put under arrest by Williamson and Stewart upon their arrival. Defendant and Loyd were fully advised of their rights, following which the search took place. According to Stewart's testimony, when the coat was found, he inquired of Loyd whether it was his coat—Loyd replied "no, it belonged to Dearman."

Stewart further testified:

"I asked Dearman—I said, 'Is this your coat?' He said, 'Yes, it is.' I held it up so they could see it. Of course, the gun was in the inside coat pocket."

There is no evidence that defendant was detained or restrained by Dando. Defendant remained in the blue Chevrolet. Dando examined Loyd's driver's license in the patrol car. Defendant was not under restraint until arrested on the arrival of Williamson and Stewart. Under these circumstances, we believe the arrest was

lawful, the search was incidental thereto, and the items in question lawfully seized.

Justification for a police officer's on-the-spot, warrantless invasion of a person's personal security, with respect to the protection of the Fourth Amendment to the Constitution of the United States, was discussed in the recent case of *Terry v. Ohio,* (June 10, 1968), 392 U. S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, where it was stated:

". . . But we deal here with an entire rubric of police conduct—necessarily swift action predicated upon the on-the-spot observations of the officer on the beat—which historically has not been, and as a practical matter could not be, subjected to warrant procedure. . . ." (p. 20.)

In the instant case, as a practical matter, Officer Dando had to stop the car and investigate or his alert observation would have been fruitless. It is such practical necessities that are recognized in *Terry.*

The identification of Loyd and defendant by victims of the robbery and the pick up order dispatched, as a consequence, certainly constituted probable cause for Williamson and Stewart to make the arrest on their arrival. The ensuing search was incidental to such an arrest. (*State v. Hart,* 200 Kan. 153, 434 P. 2d 999; *State v. Jerrel,* 200 Kan. 415, 436 P. 2d 973, and *State v. Brown,* 198 Kan. 473, 426 P. 2d 129.)

The matters of positive identification of the pistol and ownership of the coat go to the weight or credibility to be given such evidence, rather than to admissibility. The pistol, though not positively identified as the gun used in the robbery, nevertheless supported the descriptions given by the witnesses. Under such circumstances, it was properly admitted into evidence. (*State v. Myers,* 154 Kan. 648, 121 P. 2d 286, and *State v. Schneck,* 85 Kan. 334, 116 Pac. 823.)

On the second day of the trial it was brought to the court's attention that one of the jurors' faces was familiar to the witness Ashley. Defendant moved for a mistrial on this ground. In the absence of the jury the trial court heard the testimony of Ashley on the point. Ashley had never talked to the juror, did not know his name, nor could he remember where he had seen him. After the jury returned its verdict, the trial court questioned the juror. The juror did not know Ashley by name but thought he had seen him a few times, possibly at the TI-KI Lounge. Defendant was unable to make any showing of prejudice.

Under the circumstances, we find no merit in defendant's conten-

tion. A trial court's decision as to the qualification of a juror will not be disturbed on appeal, unless disqualification appears as a matter of law or there has been an abuse of discretion. (*State v. Hooper*, 140 Kan. 481, 37 P. 2d 52.)

Defendant makes a point of a discrepancy in the technical corporate identity and ownership of Griff's Burger Bar. Defendant makes a specious argument as to this matter and the point is entirely without merit.

The conviction is supported by ample competent evidence and the trial court correctly overruled defendant's motion for a new trial.

The judgment is affirmed.