## No. 46,469

STATE OF KANSAS, *Appellee,* v. THOMAS L. RAMBO, JR., *Appellant.*

(495 P. 2d 101)

Opinion filed March 4, 1972.

*G. Edmond Hayes,* of Wichita, argued the cause and was on the brief for the appellant.

*Reese Jones,* Assistant County Attorney, argued the cause, and *Vern Miller,* Attorney General, *Keith Sanborn,* County Attorney, and *Ted L. Peters,* Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the defendant, Thomas L. Rambo, Jr., in a criminal action from a conviction and sentence of theft (felony) contrary to K. S. A. 1970 Supp. 21-3701 (*a*). He was acquitted by the jury on a companion charge of burglary (K. S. A. 1970 Supp. 21-3715) arising from the same incident wherein various items of property were stolen from the home of Eddie L. Allison, a neighbor of Rambo.

The appellant asserts two points for reversal on appeal: (1) That the trial court erred in failing to instruct the jury as to the limited purpose for which evidence of other crimes or civil wrongs could be considered under K. S. A. 60-455; and (2) that the trial court erred in compelling the defendant to argue his motion for discharge in the presence of the jury, where such argument was based upon the insufficiency of the state's evidence to support the charges.

The evidence admitted by the trial court, which gives rise to the

first point, was the testimony of Arlene M. Manuel, a next-door neighbor to the home of Eddie L. Allison, where the offense occurred. In pertinent part her testimony was:

"Q. . . . Had you seen Mr. Rambo and Mr. Cleveland on Mr. Allison's property before?

"A. I had.

"Q. And what were they doing then?

"A. They were out there by the truck.

"Q. And what were they doing at Mr. Allison's truck?

"A. Taking some stuff off of the truck.

"Mr. Hayes: I object. I don't know what date this was supposed to have been.

"The Court: Overruled.

"Q. I am sorry. I didn't hear what you said. What were they doing?

"A. Taking some stuff off the truck.

"Q. And what was the stuff they were taking off of the truck?

"A. I couldn't tell whether they were taking—I couldn't tell what they were taking off. They had the hood up at the time I saw it."

The foregoing testimony may well have been interpreted by the jury as a prior theft committed by the appellant. As such the testimony was admissible only for the limited purposes specified in K. S. A. 60-455.

Prior to submitting the case to the jury, counsel for the appellant objected to the failure of the trial court's instructions to reflect the limited purpose for which the state had introduced evidence regarding a similar or previous criminal offense. The trial court, however, refused to supply the deficiency and give such instruction. We think the point made by the appellant has merit. The trial court erred.

Conviction is not a prerequisite to the admission of other similar offenses in evidence, if the requirements for the admission of such evidence are otherwise fulfilled. Evidence merely showing the commission of other similar offenses seems to be sufficient. (*State v. Stephenson*, 191 Kan. 424, 381 P. 2d 335.)

The failure to give an instruction limiting the purpose for which evidence of a similar previous offense was to be considered, regardless of request, is of such a prejudicial nature as to require the granting of a new trial. (*State v. Roth*, 200 Kan. 677, 438 P. 2d 58.) Here the testimony that the appellant had been on the property of Eddie L. Allison two months prior to the date of the offense with which he is here charged, and had committed acts which the jury could reasonably find to have constituted theft, the same as the

offense here charged, was clearly prejudicial without an instruction limiting the purpose for which such evidence could be considered.

Authorities in support of the foregoing rule are: *State v. Kowalec,* 205 Kan. 57, 468 P. 2d 221; *State v. Fabian,* 204 Kan. 237, 461 P. 2d 799; *State v. Jenkins,* 203 Kan. 354, 454 P. 2d 496; *State v. Dearman,* 203 Kan. 94, 453 P. 2d 7, cert. denied 396 U. S. 895, 24 L. 2d 173, 90 S. Ct. 194; and *State v. Motley,* 199 Kan. 335, 430 P. 2d 264.

Over objection the trial court in the instant case required the appellant to argue his motion for discharge in the presence of the jury.

In arguing such motion at the close of the state's evidence, counsel for the appellant expounded his theory concerning the lack of evidence on the part of the state to overcome the presumption of innocence.

The appellant argues, when the trial court overruled the appellant's motion for discharge, without argument by the state and without any explanation to the jury, the jury could only interpret the court's action as an expert opinion that the state's case had been proved. The appellant contends such ruling, under these circumstances, actually destroys the presumption of innocence and tactically requires the presentation of evidence by the defendant to overcome the status of guilt created by the court. It is argued the court has by its ruling, in effect, preempted and usurped the rights of the jury on issues of fact and found the defendant guilty at the conclusion of the state's case.

It is well settled that the trial court may not comment upon the weight of the evidence. (*State v. Johnson,* 201 Kan. 126, 439 P. 2d 86.)

On the record here presented the state made a good case for theft by overwhelming evidence, but whether the trial court's action in requiring the appellant to argue his motion for discharge at the close of the state's evidence in the presence of the jury, and in abruptly denying the motion, resulted in prejudice requiring a reversal is a point we need not determine. The judgment must be reversed and a new trial granted on the first point considered.

Our code of evidence does not specifically state that a motion for discharge, or for a judgment of acquittal, at the conclusion of the state's evidence in a criminal case must be heard out of the presence of the jury. But K. S. A. 1970 Supp. 22-3419 (1) for all practical purposes is identical to Federal Rule No. 29 (*a*) of the Federal

Rules of Criminal Procedure. Under federal practice a motion for judgment of acquittal calls for a ruling of law by the trial court, and it is the better practice when such motion is made at the close of all the government's evidence for it to be heard out of the presence of the jury. (Orfield, Criminal Practice Under the Federal Rules, § 29:17; and Wright, Federal Practice and Procedure: Criminal § 462.)

The question arose in *United States v. Coke,* 339 F. 2d 183 (2nd Cir. 1964) where the defendant's motion under Rule No. 29, for acquittal at the close of all the evidence was heard in the presence of the jury. A conviction was reversed by the court saying:

". . . Contrary to the better practice, it was heard in the presence of the jury. When the attention of the panel was focused on the ultimate issue of the guilt or innocence of the accused, the trial judge's abrupt denial of the motion following the repeated deprecating interjections in the examination of witnesses by the defendant's counsel, may well have implied that the defense was incompetent and a sham and that the jury should convict. Such damage could not very well have been prevented by the perfunctory instructions given.

"In a case, which had previously ended in a mistrial, where the evidence to convict rested so heavily on the testimony of one witness, we cannot say that appellant was accorded a fair trial. The case is, therefore, reversed and remanded for a new trial." (pp. 185, 186.)

Another federal decision affirming *Coke* is *Tanner v. United States,* 401 F. 2d 281 (8th Cir. 1968).

In a criminal case it is contrary to better practice to hear a motion for judgment of acquittal at the conclusion of the state's evidence, under K. S. A. 1970 Supp. 22-3419 (1), in the presence of the jury. Except in unusual circumstances, it would be difficult to avoid prejudice to a criminal defendant unless such motion is heard out of the presence of the jury. (See *State v. Jones,* 204 Kan. 719, 466 P. 2d 283.)

The judgment of the lower court is reversed.