320 So.2d 737

**Garey Wade SMITH, alias**

**v.**

**STATE.**

**6 Div. 973.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Hanes & Hanes, Michael F. Bolin, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, Quentin Q. Brown, Jr., Asst. Atty. Gen., Birmingham, for the State.

CATES, Presiding Judge.

Smith appeals from a judgment of conviction of robbery with a consequent sentence of ten years imprisonment.

I

One Bibby (sometimes called "Paul" and sometimes "Douglas") robbed a clerk in

Price's Drug Store in Pinson of $146.00 and also took some demerol and dilaudid from one of the pharmacists. A deputy sheriff chased and caught the getaway car which was being driven by Smith, the appellant.

Smith's evidence was that Bibby had borrowed the car. Smith testified that he knew nothing of the robbery and was unaware of Bibby's jettisoning a pink pillow case holding the loot.

This was a classic case for a jury to decide.

After the State rested counsel for appellant moved to exclude the State's evidence with the implied corollary that the defendant be discharged. This motion was overruled.

II

Appellant claims error in the holding of the hearing of this oral motion in the presence of the jury.

Since the occasion of the ruling below is rather succinct we quote:

"MR. PICKARD: State rests.

THE COURT: State rests?

MR. BOLIN: Your Honor, we would like to make a motion that had better be made—

THE COURT: Well, I assume it is a motion to exclude, and as a courtesy, I usually grant it, but, since we just had the jury out, I will let you make it in the presence of the jury.

MR. BOLIN: All right. We feel that it is a motion that might need to be made before the Court only.

THE COURT: You know, I have always wanted to make some law on that point, so I will deny your motion to do it in the absence of the jury and make some law.

MR. BOLIN: All right, sir.

THE COURT: So far as I know, I am the one that started excluding them around here, when the motion was to be made, some eighteen years ago, and I don't think it has ever been ruled on.

MR. BOLIN: Judge, we would make this motion to exclude the State's case, and we would assert two grounds for it: * * * "

■ Before analyzing this ruling we think it needful to go into the nature of the motion to exclude. First, in civil cases it is of doubtful utility because of 50 Ala. Rules Civ.Proc. Second, in criminal cases it is broader in scope than a motion to suppress since it raises the entire validity of the probata to balance the allegata. It is not equivalent to a demurrer to the evidence. *Hainsworth v. State*, 136 Ala. 13, 34 So. 203.

■ Appellant would have us apply the principle of *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. That doctrine arose from the need to keep a jury from possibly hearing an *involuntary* confession. While such a practice of having the jury leave the box no doubt makes the jurymen curious [1], yet short of making pre-trial motions to suppress mandatory we see no way to circumvent the withdrawal of the jurors, particularly where the defense insists. See *Brown v. State*, 277 Ala. 108, 167 So.2d 291(7); *Duncan v. State*, 278 Ala. 145, 176 So.2d 840(24).

We see no prejudice to the defendant because of the argument of the motion in the presence of the jury. They had already heard the evidence; the trial judge made no comment on the effect of the evidence; and the argument was neither extensive nor persuasive.

Perhaps the power of the Federal trial judges to sum up evidence prompted

1. *Rex v. Anderson*, (1929) 21 Cr.App. R 178.

Wright, Fed.Prac. & Proc. § 462, to state that *United States v. Coke,* 339 F.2d 183, 2 Cir., lays down a binding practice of withdrawing the jury under Fed.R.Cr.Proc. 29 when a defendant moves for acquittal at the close of the government's case.

However, in fairness to appellant's contention we note that Kansas which does not allow trial judges to comment on the weight of the evidence considered that its adoption of the Federal rules may have carried the *Coke* rule into that State's practice. *State v. Rambo,* 208 Kan. 929, 495 P.2d 101. Perhaps other appeals may dictate a stricter view to us in the future, but we have not as yet adopted the Federal Rules of Criminal Procedure.

We have examined the entire record under Code 1940, T. 15, § 389 and consider the judgment below is to be

Affirmed.

All the Judges concur.