No. 50,534

STATE OF KANSAS, *Appellee*, v. RONNIE G. WHITEHEAD, *Appellant*.

(602 P.2d 1263)

Opinion filed December 1, 1979.

*G. Edmond Hayes,* of G. Edmondson Hayes P.A., of Wichita, argued the cause and was on the brief for the appellant.

*Allan G. Metzger,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Vern Miller,* district attorney, and *Thomas J. Weilert,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict which found Ronnie G. Whitehead (defendant-appellant) guilty of two counts of possession of heroin. (K.S.A. 1978 Supp. 65-4127a.)

The appellant contends the trial court erred in admitting certain testimony by Ms. Diane Presley; and in failing to give a limiting instruction concerning the use of that testimony.

On the evening of December 29, 1977, officers of the Wichita Police Department, armed with a search warrant, entered a residence at 1709 Looman, Wichita, Kansas, seeking heroin. The appellant, Diane Presley, and a young child were present during the search. Two balloons of heroin were found lying beneath some women's clothing in a drawer of the bedroom dresser. A torn balloon was found on the floor of the bedroom closet, and a partial balloon was discovered at the bottom of a brown paper sack near the closet. Both the appellant and Diane Presley were arrested for possession of heroin.

The police officers testified that the appellant was dressed in pajamas when they searched the house. Evidence was presented

that some male clothing in the closet belonged to the appellant, and that he may have been living with Ms. Presley on an irregular basis. The Looman address was Ms. Presley's residence. Ms. Presley testified that the appellant is the father of one of her children.

Another search was conducted by Wichita police officers on January 21, 1978. The search warrant was executed on a residence at 2422 East 20th Street, Wichita, Kansas. The officers were searching for heroin. Three persons were inside the residence; the appellant, Otis Goodwin and Marshall Bottoms. Upon entering the residence, police officers observed Marshall Bottoms run to the bathroom and close the door. They then heard the toilet flush. The appellant and Otis Goodwin were observed running to the bedroom, where they were found and searched. A gold compact containing eight balloons of heroin was found on the bed. Marshall Bottoms was searched and found to have $331 in his possession. Neither the appellant nor Otis Goodwin had any substantial amount of money with them. The appellant, Otis Goodwin, and Marshall Bottoms were arrested for possession of heroin.

During the trial the State called Detective Charles Herbel as a witness. Detective Herbel had participated in both searches. After describing the January search and arrest, Detective Herbel was asked on direct examination by the State, whether he was familiar with the narcotics term "buy bust?" The appellant objected, arguing that testimony about drug sales was irrelevant to the charges of possession. The trial court overruled appellant's objection. Detective Herbel then described a "buy bust"; estimated the street value of the heroin found in the January search; and testified to the amounts of money found on the appellant, Goodwin, and Bottoms. Detective Herbel was also permitted to testify about the quantity of heroin normally used by an addict. He stated that the eight balloons of heroin in the gold compact would be more than a person would possess unless he was involved in selling drugs.

Diane Presley was the appellant's first witness. She testified that approximately four months prior to the appellant's trial she pled guilty to possession of the heroin confiscated during the December 1977 search of her residence. She further testified that the appellant had been at the residence only fifteen minutes

before the officers initiated the search. She denied that any of the heroin belonged to the appellant.

On cross-examination, the State asked Ms. Presley from whom she had obtained the heroin. The appellant objected, claiming the question of sale was not relevant to the charges of possession. The court overruled the objection and ordered Ms. Presley to answer the question. She testified that she obtained the heroin from Marshall Bottoms. After further cross-examination the State asked Ms. Presley:

"Q. Did you make a statement during the lunch hour to Detective Herbal and Trainer and myself that they knew Ronnie Gene Whitehead was dealing dope and I knew it and you knew it and why was I going to ask you that question, why was I going to make you testify to it? Did you say that?

"A. Yes."

The appellant's counsel did not object to that question.

The appellant took the stand on his own behalf; denied knowledge of the heroin found in the December search; denied having any interest in the heroin found during the January search; refuted much of the prosecution witnesses' testimony; and testified to his own innocence on both counts of possession.

The State recalled Detective Steve Trainer on rebuttal. Detective Trainer was asked the following:

"Q. Did she [Ms. Presley] ever make any statements to you about whether Ronnie Gene Whitehead was dealing in heroin?

"A. Yes, she did.

"Q. Do you recall that statement?

"A. Well, during the course of the conversation, Diane said, 'Well—' pointing to you, myself, and then Detective Herbal—'You guys know that I've been using heroin, that Ronnie Gene deals heroin, so why have you got me down here messing with me? You already know it and you don't need to be messing with me any more.' "

The jury returned guilty verdicts on both counts of possession of heroin.

The appellant first contends that the trial court erred in allowing Ms. Presley to testify that she knew the appellant was "dealing dope." He argues that the admission of that testimony was contrary to K.S.A. 60-421 and 60-455. He further argues that the trial court abused its discretion in not weighing the prejudicial effect of that testimony against its relevancy and probative value.

The State contends that the absence of contemporaneous objection precludes consideration of the alleged erroneous admission of Ms. Presley's testimony.

We have carefully examined the record and found no contemporaneous objection was made when the question was asked. Failure to make timely, specific objection to the admissibility of evidence will bar consideration of the admissibility question on appellate review. K.S.A. 60-404; *State v. Phipps,* 224 Kan. 158, 160, 578 P.2d 709 (1978); *State v. Fisher,* 222 Kan. 76, 83, 563 P.2d 1012 (1977); *State v. Gordon,* 219 Kan. 643, 652, 549 P.2d 886 (1976).

Ms. Presley's testimony, which followed Detective Herbel's description of drug sale terminology and practices, was admissible for only limited use. Evidence of prior drug dealing tended to prove intent, knowledge and absence of mistake or accident under the provisions of K.S.A. 60-455. *State v. Faulkner,* 220 Kan. 153, 551 P.2d 1247 (1976). See also *State v. Bullocks,* 2 Kan. App. 2d 48, 574 P.2d 243, *rev. denied* 225 Kan. 846 (1978).

The appellant next contends that the trial court erred in not giving a limiting instruction concerning the use of Ms. Presley's testimony about "dealing dope." The appellant admits he did not request a limiting instruction, but contends the trial court was obligated to instruct by this court's holding in *State v. Roth,* 200 Kan. 677, 438 P.2d 58 (1968). We agree.

The trial court has a duty to fairly present the law of the case on all salient features. When testimony of previous crimes is introduced under K.S.A. 60-455, its restriction to the purpose of that section becomes a salient feature in the case and failure to so instruct is error. *State v. Roth,* 200 Kan. at 680.

Generally, in every case where evidence of other crimes is admissible solely under the authority of 60-455 the trial court should give an instruction limiting the purpose for which evidence of the similar offense is to be considered. The failure to give a limiting instruction, regardless of request, is of such a prejudicial nature as to require the granting of a new trial. *State v. Rambo,* 208 Kan. 929, 930, 495 P.2d 101 (1972); *State v. Roth,* 200 Kan. at 680. See also *State v. Bly,* 215 Kan. 168, 176, 523 P.2d 397 (1974).

The judgment of the lower court is reversed and the case is remanded for a new trial.

FROMME, J., not participating.

McFARLAND, J., dissenting: I disagree with the majority holding that the district court committed reversible error in not giving an unrequested limiting instruction pursuant to K.S.A. 60-455.

Let us look at the facts. Defendant, Diane Presley, and a small child were the only occupants of the raided Looman Street residence. Undisputedly, heroin was found on the premises. Both defendant and Presley were charged as codefendants with possession of the heroin. The only real question was whether the heroin was possessed by (1) defendant, (2) Presley, or (3) defendant and Presley. Presley was the girl friend of defendant and pled guilty to the crime. Defendant went to trial and called Presley as his first witness. She testified she had pled guilty to the possession of the heroin; the heroin belonged to her and not defendant; and that defendant had only been in her residence fifteen minutes prior to the raid. She was clearly attempting to "take the rap" for her boyfriend.

The court recessed for lunch and then Presley continued her testimony. On cross-examination the "dealing dope" question was asked and answered. The question related to a conversation occurring during the noon recess.

K.S.A. 60-455 provides:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

Presley's statement is not evidence that defendant committed another "crime" on a "specified occasion." One codefendant in a drug case is stating why are you bothering with me when you know the other codefendant is a drug dealer. If Presley had not pled guilty, and had been a codefendant in the trial, would the identical statement have been inadmissible except with a K.S.A. 60-455 limiting statement? I think not. The State did not pull a stranger off the street to testify that defendant was a drug dealer—it could not get such opinion testimony in as such testimony would be offered to prove the truth of defendant's "drug dealing." The State would be limited to proving prior drug possession on "specified occasions" by conviction records, etc.

The statement here came from a previously convicted code-fendant who had been called to testify by defendant and had just concluded her direct testimony exonerating defendant and placing full guilt on herself. The recess statement was wholly inconsistent with Presley's testimony and was properly admitted to impeach her testimony.

The majority concludes the recess statement was evidence of "prior drug dealing" which "tended to prove intent, knowledge, and absence of mistake or accident." The statement does not deal with prior criminal activity—only that defendant "deals" in heroin. The statement speaks of the "present" which was several months after the crime. What "intent" was tended to be proved? The crime of possession of heroin requires no intent. What "knowledge" was tended to be proved? The question was: Did defendant possess the heroin? No claim was made that he may have possessed the heroin without knowledge that he had it. What "absence of mistake or accident" was a question in the case? No one contended defendant possessed it without knowing what it was or possessed it by mistake. Defendant testified in this case that he did not possess the heroin at all. Defendant called Presley, who testified the heroin was hers and that defendant had no knowledge of its existence.

There is no showing that the statement was offered to prove the truth of the statement, but only to impeach a key defense witness. K.S.A. 60-455 is inapplicable to the testimony herein.

See also *State v. Bly,* 215 Kan. 168, 176, 523 P.2d 397 (1974):

"Generally in every case where evidence of other crimes is admitted solely under the authority of 60-455 the trial court should give an instruction limiting the purpose for which evidence of the similar offense is to be considered. (*State v. Rambo,* 208 Kan. 929, 495 P.2d 101; *State v. Roth,* 200 Kan. 677, 438 P.2d 58.) It should be noted, however, that where evidence disclosing another criminal offense has a direct bearing on and relation to the commission of the offense itself, it is admissible without a limiting instruction. (*State v. Martin,* 208 Kan. 950, 495 P.2d 89.) Stated in another way, it is not prejudicially erroneous for the trial court to fail to give a limiting instruction on the purpose of evidence of other crimes when the challenged evidence is admissible independently of K.S.A. 60-455. (*State v. Ralls,* 213 Kan. 249, 515 P.2d 1205.)"

I would affirm.

MILLER, J., dissenting: I agree with McFarland, J., that the statement of Presley that appellant "was dealing dope" was not

admissible under K.S.A. 60-455. It was not evidence of the commission of a crime or civil wrong on a specified occasion; it was not offered for the purpose of proving any of the eight factors enumerated in the statute, none of which were in substantial dispute; and there was no good, sound reason for receiving the statement into evidence under 60-455.

The statement does, however, tend to show the appellant's disposition or inclination to violate the law; but that is a prohibited reason for admitting it under 60-455. If the statement is viewed as evidence of appellant's character under K.S.A. 60-446 it is inadmissible since appellant did not first offer evidence of his good character and thus put it in issue. K.S.A. 60-447.

It is obvious that the statement was offered solely for impeachment. I do not find it admissible for that purpose. The statement that appellant "was dealing dope" is not contradictory to Presley's prior testimony that the two balloons of heroin found underneath some women's clothing in her dresser belonged to her. She said nothing in her direct testimony about appellant being or not being a dealer. Presley was a user, and thus she herself had reason to possess heroin.

Nevertheless, I do not regard the admission in evidence of this one statement as substantially prejudicing appellant's right to a fair trial. There was no contemporaneous objection, and the trial court was given no opportunity to consider and rule on the admissibility of the statement.

The judgment should be affirmed.