No. 52,494

STATE OF KANSAS, *Appellee,* v. LOUIS E. JONES, *Appellant.*

(629 P.2d 181)

Opinion filed June 10, 1981.

*Michael Sexton,* of Barnett & Lerner, Chartered, of Kansas City, argued the cause and was on the brief for the appellant.

*James F. Foster,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Defendant-appellant, Louis E. Jones, was convicted by a jury of second degree murder and of unlawful possession of a firearm after conviction of a felony. On appeal the defendant argues that the trial court erred in refusing to instruct on self-defense as related to the charge of unlawful possession of a firearm (K.S.A. 21-4204[b]).

The two convictions arose out of a series of events which occurred on February 18, 1980, in the Player's Club at 27th and Brown Streets in Kansas City, Kansas. Defendant and a friend, Michael Brown, arrived at the club at 11:00 p.m. on February 17. Defendant got into an argument with the manager over buying a beer. That argument apparently ended without violence. Several hours later defendant got into another argument with Michael Young over a pool game. This argument ended when defendant shot and killed Michael Young.

The evidence at the trial as to possession of the firearm was conflicting. The State's witnesses testified that defendant had possession of the gun when he first quarreled with the manager of the club; that thereafter they saw him place the gun under his belt

and cover it with his shirt; and that two hours later when the second quarrel erupted he drew the gun from under his belt and shot the victim. This testimony would indicate his possession of the firearm was not brief and was purposeful and intentional with intent to have control of the same.

The defendant testified that he did not have a gun in his possession when he quarreled with the manager; that when he quarreled with Michael Young, Young threw a coat at the defendant; that a gun fell out of the coat pocket and Young picked it up and pointed it at the defendant; that defendant's friend then handed defendant a gun, defendant panicked and without thinking took the gun and shot Young while acting in self-defense.

At the trial the court gave the following instruction on self-defense:

"A person is justified in the use of force to defend himself against an aggressor's imminent use of unlawful force to the extent it appears reasonable to him under the circumstances then existing."

This instruction is taken from PIK Crim. 54.17. We have approved the giving of this particular instruction in homicide cases when the evidentiary facts justify this defense. *State v. Duckworth,* 219 Kan. 619, 549 P.2d 554 (1976); *State v. Beard,* 220 Kan. 580, 581-82, 552 P.2d 900 (1976); *State v. Woods,* 222 Kan. 179, 183-84, 563 P.2d 1061 (1977). In *Woods,* this court stated: "Standing alone, PIK Criminal Sec. 54.17 adequately instructs on self-defense." 222 Kan. at 184.

However, the trial court may, in order to clarify or prevent confusion in the minds of the jury, further explain to the jury the application of this instruction under the facts of the case. *State v. Woods,* 222 Kan. at 184. In the present case the jury indicated no uncertainty and made no request for clarification. The instruction as given was sufficient as to the homicide charge in this case.

We turn next to the claim of error in the instruction on self-defense in regard to the charge of unlawful possession of a firearm.

It is the defendant's contention that the self-defense instruction as given by the court in this case is insufficient to inform the jury that self-defense applies to both counts of the information. In the attempted support thereof defendant points out that it is the duty of the trial court to fairly present the law, through the instructions, to explain all salient features of the defense. *State v.*

*Whitehead,* 226 Kan. 719, 722, 602 P.2d 1263 (1979). He further states that the necessity of complete instructions is particularly necessary in homicide cases. *State v. Johnson,* 220 Kan. 720, 724, 556 P.2d 168 (1976).

The defendant cites no cases where the possession and use of a firearm in self-defense has been held a valid defense to an otherwise unlawful possession of a firearm. We have discovered several cases from California and one from Ohio in which the courts have indicated an otherwise unlawful possession of a firearm may be justified when used in self-defense. The circumstances under which such a possession may be justified in those states are extremely limited. Although they refer to self-defense, the key to justification appears to be when it is established the possession of the firearm was brief and without predesign or prior possession. *People v. McClindon,* 114 Cal. App. 3d 336, 340, 170 Cal. Rptr. 492 (1980).

Our court has consistently emphasized that the possession of a firearm prohibited by K.S.A. 21-4204 is not the innocent handling of the weapon but a willful or knowing possession of a firearm with the intent to control the use and management thereof. *State v. Neal,* 215 Kan. 737, Syl. ¶ 1, 529 P.2d 114 (1974). In cases where there is evidence that might justify a determination that the possession of the firearm was but a passing control, fleeting in nature, and without predesign or prior possession we have required an instruction defining the nature of possession required by the statute. *State v. Neal,* 215 Kan. 737. The elements making up the possession prohibited in K.S.A. 21-4204 include a mental attitude indicating the possessor intended to possess the firearm and to appropriate it to himself.

We are convinced that the possession and use of a firearm to defend oneself against an aggressor's imminent use of unlawful force is not in itself a defense to the charge of unlawful possession of a firearm under K.S.A. 21-4204. It is the possession of the firearm which is prohibited by the statute. It is the nature and degree of the possession which may furnish a defense to the charge. Where the possession of the firearm is brief and without predesign or prior possession such possession is not prohibited by the statute, for in such use the possessor of the firearm lacks the required intent to control, and the possession is not purposeful and intentional. So it is not how the firearm is used (in

self-defense) that may furnish a defense, it is the nature and degree of the possession which may do so.

In the present case the court's instructions regarding the charge of unlawful possession of a firearm were as follows:

"The defendant is also charged with the crime of unlawful possession of a firearm. The defendant pleads not guilty.

"To establish this charge each of the following claims must be proved: 1. That the defendant willfully and knowingly had possession of a firearm with a barrel less than 12 inches long. 2. That the defendant, within five years preceding such possession had been released from imprisonment for a felony; and 3. That this act occurred on the 18th day of February, 1980, in Wyandotte County, Kansas.

"As used in these instructions, the following words and phrases are defined as follows:

" 'Possession' means having control over a thing with the intent to have control.

" 'Willfully' means conduct that is purposeful and intentional and not accidental."

The use of a firearm in self-defense does not constitute a defense to the charge of unlawful possession of a firearm under K.S.A. 21-4204(b). The instructions in this case adequately cover the nature and extent of the possession required to support the charge.

Judgment is affirmed.