No. 78,383

STATE OF KANSAS, *Appellant,* v. RYAN LUEKER, *Appellee.*
(956 P.2d 681)

Opinion filed March 13, 1998.

*Allen B. Angst,* assistant county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the brief for appellant.

*Michael P. McKone,* of McKone, Unruh & Graham, Chtd., of Junction City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: Ryan Scott Lueker was charged with criminal possession of a firearm (K.S.A. 21-4204). The district court dismissed the complaint. The State appeals pursuant to K.S.A. 22-3602(b)(1).

The gravamen of the crime of criminal possession of a firearm is the possession of a prohibited firearm within a proscribed period of time following conviction of a felony. The statute was significantly amended in 1995. Crucial to the issue herein is whether defendant should be charged under the form of the statute in effect when the initial felony conviction occurred or under the form of the statute in effect when the possession of the firearm occurred.

The background facts provided are sketchy, but the parties agree on the following.

Defendant was convicted on November 18, 1991, of the attempted sale of LSD (K.S.A. 65-4127b and K.S.A. 1991 Supp. 21-3301), a felony. Defendant was placed on probation, which was

"successfully terminated" on September 28, 1993. On November 6, 1995, defendant was charged with criminal possession of a firearm (a 30-30 Winchester rifle) arising from a September 24, 1995, shooting incident.

Relevant portions of K.S.A. 1991 Supp. 21-4204, the version in effect at the time of the original conviction, are as follows:

"(1) Unlawful possession of a firearm is:

. . . .

"(b) possession of a firearm with a barrel less than 12 inches long by a person who, within five years preceding such violation has been convicted of a felony under the laws of Kansas or any other jurisdiction or has been released from imprisonment for a felony;

"(c) possession of any firearm by any person who, within the preceding 10 years, has been convicted of a crime to which this subsection (1)(c) applies, or has been released from imprisonment for such a crime, and has not had the conviction of such crime expunged or been pardoned for such crime.

. . . .

"(2) Subsection (1)(c) shall apply to a felony under K.S.A. 21-3401, 21-3402, 21-3403, 21-3404, 21-3410, 21-3411, 21-3414, 21-3415, 21-3419, 21-3420, 21-3421, 21-3427, 21-3502, 21-3506, 21-3518, 21-3716, 65-4127a or 65-4127b, and amendments thereto, or a crime under a law of another jurisdiction which is substantially the same as such felony.

. . . .

"(4) Violation of subsection (1)(a) or (1)(d) is a class B misdemeanor; violation of subsection (1)(b) or (1)(c) is a class D felony."

Relevant portions of K.S.A. 21-4204, in effect in September 1995, when the charged firearm possession occurred, provide:

"(a) Criminal possession of a firearm is:

. . . .

"(3) possession of any firearm by a person who, within the preceding five years has been convicted of a felony, other than those specified in subsection (a)(4)(A), under the laws of Kansas or a crime under a law of another jurisdiction which is substantially the same as such felony, has been released from imprisonment for a felony or was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of a felony, and was found not to have been in possession of a firearm at the time of the commission of the offense;

"(4) possession of any firearm by a person who, within the preceding 10 years, has been convicted of: (A) A felony under K.S.A. 21-3401, 21-3402, 21-3403, 21-3404, 21-3410, 21-3411, 21-3414, 21-3415, 21-3419, 21-3420, 21-3421, 21-3427, 21-3502, 21-3506, 21-3518, 21-3716, 65-4127a or 65-4127b or K.S.A. 1995

Supp. 65-4160 through 65-4164, and amendments thereto, or a crime under a law of another jurisdiction which is substantially the same as such felony, has been released from imprisonment for such felony, or was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of such felony, was found not to have been in possession of a firearm at the time of the commission of the offense, and has not had the conviction of such crime expunged or been pardoned for such crime . . . ."

Defendant was initially charged under K.S.A. 21-4204(a)(4), which charge was subsequently amended to allege a violation of K.S.A. 21-4204(a)(3).

The district court's order of dismissal states, in pertinent part:

"The Court finds that the defendant was convicted in the District Court of Douglas County, Kansas, case no. 91CR267, November 18, 1991 for attempted sale of LSD. The Court in following *State v. Brinkley*, 256 Kan. 808 @ page 821, Court notes that the Supreme Court of the State of Kansas made a rather inclusive statement to the effect that 'all attempts are article 33 crimes.' Even though this particular case addresses the habitual criminal act, the statement that all attempts are article 33 crimes does not seem to limit itself to habitual criminal act considerations. In this Court's opinion the statement by the Supreme Court that all attempts are article 33 crimes is all inclusive and for all purposes. This Court will not attempt to limit the application of this rule which has been pronounced by the Supreme Court of the State of Kansas.

"Therefore, this Court finds that when the defendant was convicted in Douglas County for attempted sale of LSD, which according to the Supreme Court, is an article 33 crime, even though the underlying offense would be K.S.A. 65-4127b.

"The statute in question for this particular proceeding, K.S.A. 21-4204 as existed in 1991, the date of conviction, only spoke in terms of possession of any firearm within ten (10) years of the conviction of any crime covered by this particular statute which includes K.S.A. 65-4127b and the Court notes that no article 33 crimes are mentioned therein. That being the case, inasmuch as an article 33 crime is not enumerated in K.S.A. 21-4204 at any time in its history, this Court finds therefore that state of the law in 1991 when the defendant was convicted would have been no prohibition against the possession or ownership by [*sic*] a firearm by the defendant.

"The 1995 amendment which adds the provision that possession of a firearm by any felon convicted within five (5) years of the date of the possession of the firearm would be clearly an ex post facto violation, due to the fact the amendment came some four years after the conviction.

"THEREFORE IT IS BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that pursuant to the finding by this Court that the conviction in 1991 of the defendant was for an article 33 crime, and not a 65-

4127b crime, therefore is not included in the statute as it existed on the date of that conviction, this case is dismissed with prejudice."

The State contends that (1) the version of K.S.A. 21-4204 in effect at the time the possession of the firearm allegedly occurred (September 24, 1995) applies; (2) that the firearm possession was within 5 years of the 1991 conviction; (3) the charge under K.S.A. 21-4204(a)(3) was proper; and (4) the district court erred in dismissing the complaint.

Defendant argues that the amendments made to K.S.A. 1991 Supp. 21-4204 substantially changed the law. If the 1995 version is applicable to this defendant whose prior conviction was in 1991, he contends such application is an ex post facto violation. Consequently, defendant argues that K.S.A. 1991 Supp. 21-4204, the version in effect at the time of defendant's prior felony conviction, should apply. When that version of the statute is applied, he contends the dismissal was not in error.

The issue raised herein is a question of law and, accordingly, our review is unlimited. *State v. Robinson*, 261 Kan. 865, 934 P.2d 38 (1997).

Arguing that this is an issue of retrospective or prospective application of a criminal law, the parties contend *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996), *cert. denied* 117 S. Ct. 2508 (1997), is, respectively, either controlling or distinguishable. In *Myers*, the defendant was convicted in 1991 of one count of sexual battery and one count of rape. The convictions were reversed and the case remanded for a new trial. On remand, Myers pled no contest on August 15, 1994, to an aggravated sexual battery charge. Myers was ordered to be processed under the Kansas Sex Offender Registration Act (KSORA), a statute which became effective and applicable to aggravated sexual battery convictions on July 1, 1993. Had Myers' first convictions been affirmed, he would not have been subject to the KSORA. He challenged the KSORA as ex post facto legislation. We denied Myers' ex post facto claim as to the registration requirement but supported it as to the public disclosure provision, finding that public disclosure constituted punishment. 260 Kan. at 671.

*Myers* is not applicable here. In that case, the statute at issue was passed and made applicable to Myers after he committed the crime for which he was being sentenced. When Myers was resentenced on remand, the statute was applied to him. Such is not the case here.

The alleged firearm possession occurred in September 1995. K.S.A. 21-4204, which was in effect at that time, made it a crime for a person to possess any firearm within 5 years of the conviction of any felony other than those specified in subsection (a)(4)(A). The parties agree that the attempted sale of LSD was not a crime set forth in subsection (a)(4)(A), so the propriety of that determination by the district court is not an issue herein.

Thus, the question before us is not whether K.S.A. 21-4204(a)(3) should be applied retrospectively or prospectively.

It is well established that criminal statutes in effect at the time of the criminal offense are controlling. *State v. Mayberry*, 248 Kan. 369 Syl. ¶ 15, 807 P.2d 86 (1991). The charged offense herein occurred on September 24, 1995. K.S.A. 21-4204(a)(3) is applicable, and the district court erred in holding otherwise and dismissing the complaint in accordance with such determination.

The judgment is reversed, and the case is remanded for further proceedings.

ABBOTT, J., concurring: This is a troubling case to me. The defendant was convicted on November 18, 1991, and placed on probation. At that time, it became unlawful for him to own or possess a firearm with a barrel less than 12 inches, and he would have been so advised. K.S.A. 1991 Supp. 21-4204. On September 28, 1993, his probation was terminated, and again he would have been advised he could not own or possess a firearm with a barrel less than 12 inches in length.

The legislature amended 21-4204, effective July 1, 1995, to prohibit the possession of a firearm, of any length, by any person who has been convicted of a felony within the preceding 5 years. There are other terms of prohibition in the statute that do not apply to the defendant.

In September 1995, an intruder broke into the defendant's home during the night and physically attacked the defendant and his girlfriend. According to the stipulated facts, the defendant and his female friend were beaten. The defendant did what he could to avoid hurting the intruder and then shot and killed the intruder with a rifle. A rifle is a firearm with a barrel that is more than 12 inches in length. The defendant could have possessed the rifle at any time between his conviction in 1991 and the effective date of the statutory amendment, July 1, 1995, some 2 ½ months before this incident occurred.

The State stipulated that the shooting occurred in self-defense, but it charged the defendant with possessing a firearm within 5 years of being convicted of a felony. The defendant could have used anything in the house, other than the firearm, to protect his female friend and himself and not been charged with a crime. It seems inherently unfair under the circumstances of this case for society to say to this defendant that he should have used a knife, an axe, or a club to defend himself and another (and assume the additional risk that entailed) or suffer a felony conviction for his choice in defending himself.

I have no quarrel with the majority opinion that one is presumed to know the law and that the law before us is not an ex post facto law. My concern is one of fundamental fairness. Must a person undergoing an attack first determine whether the item available for self-defense is an item that can be lawfully possessed before the item is picked up (possessed) and used to defend himself or herself?

I think not. One can deliberately kill someone if it is self-defense and the intentional killing is justified. It seems to me that if self-defense justifies a killing, then self-defense should also justify the choice of weapons used in such killing. I believe that is the tenor of *State v. Jones*, 229 Kan. 618, 629 P.2d 181 (1981). The *Jones* court concluded that the question as to whether one has a defense for illegally possessing a firearm depends upon the length of time the gun was possessed, *i.e.*, the nature and degree of the possession. Here, the record shows the gun was in the defendant's house prior to the incident. It was there because the deceased had physically

harassed the defendant and his friend on previous occasions. Whether that possession was justifiable as self-defense should be an issue for the jury at trial. It was not raised by the parties on appeal or considered by the trial court.

LOCKETT and ALLEGRUCCI, JJ., join the foregoing concurring opinion.